960 So.2d 333 (2007)
STATE of Louisiana
v.
Javardes J. BRAZILE.
No. 2006-KA-1611.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 2007.
*334 Eddie J. Jordan, Jr., District Attorney, Peter A. Ierardi IV, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellant.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Javardes J. Brazile was charged by a bill of information with possession of crack cocaine on March 23, 2004. He pled not guilty at arraignment and filed preliminary motions. On August 10, 2004, the trial court denied defendant's motion to suppress evidence and found probable cause. Trial in this matter was continued on numerous occasions either by the court, the State, or by joint motion of the State and the defense. Shortly after the last continuance, Hurricane Katrina struck the Gulf Coast.
On August 9, 2006, the defendant appeared for a status conference, and trial was set for November 19, 2006. On that date, the defendant filed a motion to quash the bill of information on the basis of La.C.Cr.P. art. 578, arguing that more than two years had elapsed since the bill of information was filed. After hearing argument, the trial court granted the motion to quash. This appeal followed.
The following docket entries are reflected in the record:

3/23/04 Bill of information filed.
4/5/04 Arraignment held; motions filed.
5/06/04 Hearing on motions reset by court.
6/17/04 Hearing on motions reset by court.
8/10/04 Preliminary Hearing and Motion to Suppress
 Evidence held. Court found probable cause
 and denied the motion to suppress.
8/25/04 Trial reset by court due to trial in progress.
10/06/04 Trial reset by court due to trial in progress.
11/30/04 Trial continued on State's motion.
1/25/05 Trial continued on joint motion of the State
 and the defendant.
3/22/05 Trial continued on State's motion.
5/17/05 Trial reset by court.
7/26/05 Trial reset by court.
8/23/05 Trial continued on joint motion of the State
 and the defendant until 9/8/05.
7/21/06 Set Sheet filed by State.
8/09/06 Status Hearing; trial set for 9/19/06.
9/19/06 Defendant filed motion to quash which the
 trial court granted.

*335 The trial court granted Mr. Brazile's motion to quash on the grounds that the two-year limitation period of La.C.Cr.P. art. 578(2) had elapsed. The sole issue to be determined by this Court is whether the State violated the statutory requirement imposed by article 578(2). Article 578(2) states that no trial shall be commenced after two years from the date of institution of prosecution.
The bill of information in this case was filed on March 23, 2004 and the motion to quash was granted in September 2006, clearly more than two-years later. It is well established that, when a defendant moves to quash the charges against him due to a violation of Article 578, the State "bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled." State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286 (citations omitted).
The State argued that based on the provisions of La.C.Cr.P. art. 580 there were numerous periods of time that constituted a suspension of time for the running of the two-year period. Article 580 provides that the period of limitation established by article 578 is suspended when a defendant files a motion to quash or other preliminary plea, "but in no case shall the State have less than one year after the ruling to commence the trial."
Preliminary pleas that suspend the running of the prescriptive period under article 580 include motions to suppress evidence, motions for preliminary hearing, motions for continuance filed by defendant, and joint motions for continuance. See, State v. Fish, XXXX-XXXX (La.4/17/06), 926 So.2d 493; State v. Woodard, 35,202 (La. App. 2 Cir. 10/31/01), 799 So.2d 701; State v. Parker, XXXX-XXXX (La.App. 4 Cir. 3/22/00), 757 So.2d 893; State v. Brent, XXXX-XXXX (La.App. 4 Cir. 11/29/00), 775 So.2d 565; State v. Fabacher, 362 So.2d 555 (La.1978); State v. Cranmer, 306 So.2d 698 (La.1975). Arguably, during various time periods of this case the running of prescription was suspended, extending the date for which trial must commence.
As the trial court pointed out at the hearing on the motion to quash, those time delays are often misconstrued given the fact that it is the State who has control of the rescheduling of the matter. As such, a continuance by the court due to a trial in progress will give the State a suspension until it resets the matter on the court's docket. Under those circumstances, the State has the ability to manipulate the prescriptive period in which to bring the case to trial. Although the trial court discussed this in his reasons for granting the motion to quash, the issue is not an issue for this court but one that should be addressed by the Legislature. This court is bound by the statutes as presently written and thus must determine what, if any, suspension and/or prescription occurred, whether through continuances, motions or the effects of Hurricane Katrina.
Given the language in La.C.Cr.P. art. 579, we find it unnecessary to piece together periods of suspension as provided by article 580. Article 579 provides that the period of limitation set forth in article 578 shall be interrupted if "the defendant cannot be tried because of . . . any . . . cause beyond the control of the state." Under La.C.Cr.P. art. 579(B) "periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists." As noted in State v. Rome, 93-1221, p. 4, 630 So.2d at 1287: "An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute."
This Court acknowledges that the State was prevented from trying Mr. Brazile on September 19, 2005 and for some time *336 thereafter while the court was not in operation due to Hurricane Katrina. An application of article 579 allows for the two-year limitation period imposed by article 578 to commence anew once the causes preventing the State from trying the defendant were removed and the court reconvened. This court need not determine exactly when this occurred as the motion to quash was granted after only a little more than one year had elapsed since Hurricane Katrina struck the Gulf Coast. At that point, the State still had at least a year in which to commence trial. Although the renewal of the entire two-year period could be construed as extremely prejudicial to the defendant, the constitutionality of article 579 was not raised in this matter and therefore is not currently before this court. As a court of review, we are restricted by the contents of the record. Thus, this Court must determine that the trial court erred in granting defendant's motion to quash
Accordingly the trial court's granting of the motion to quash is hereby reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.