973 So.2d 110 (2007)
STATE of Louisiana
v.
Ingrid HAMILTON.
No. 2007-KA-0582.
Court of Appeal of Louisiana, Fourth Circuit.
November 28, 2007.
Eddie J. Jordan, Jr., District Attorney, Kevin P. Guillory, Assistant District Attorney, *111 New Orleans, LA, for Plaintiff/Appellant.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellee.
Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY III, Judge MAX N. TOBIAS JR.
PATRICIA RIVET MURRAY, Judge.
This is a criminal case. The sole issue presented is whether the trial court erred in granting the motion to quash filed by the defendant, Ingrid Hamilton. For the reasons that follow, we reverse and remand.

STATEMENT OF THE CASE
On September 3, 2004, in case number 451-700, the State filed a bill of information charging Ms. Hamilton with possession with intent to distribute cocaine in violation of La. R.S. 40:967. On September 8, 2004, Ms. Hamilton was arraigned, pled not guilty, and a hearing on motions was set for September 22, 2004.[1] After several continuances, on January 12, 2005, the parties argued Ms. Hamilton's motion to suppress evidence and motion for preliminary hearing. At the close of the motion hearing, the trial court denied the motion to suppress evidence, found that the State had probable cause to substantiate the charges, bound Ms. Hamilton for trial, and set a March 7, 2005 trial date. The March 7, 2005 minute entry provides that' the trial court reset the trial to April 6, 2005, because another trial was in progress. On April 6, 2005, the trial court reset the trial to May 25, 2005, again because another trial was in progress. On May 25, 2005, the trial court reset the trial to July 14, 2005, because the sheriff failed to bring Ms. Hamilton to court. On July 14, 2005, the trial was continued on the State's motion to September 26, 2005.
On August 29, 2005, Hurricane Katrina struck the New Orleans area. On May 16, 2006, a pre-trial conference was held, and trial was set for June 27, 2006. Althongh the record contains no June 27, 2006 minute entry, the docket master entry for that date indicates that trial was reset by the court to August 14, 2006. On August 14, 2006, the trial was continued on, the State's motion to September 11, 2006. On August
15, 2006; Ms. Hamilton filed a motion for speedy trial. On September 11, 2006, the trial was continued on joint motion of the State and co-defendant, Jovan L. Bass, to September 25, 2006. On September 25, 2006, the trial was continued on the State's motion to November 8, 2006.
Although the record contains no November 8, 2006 minute entry, the docket master entry for that date provides that the trial was continued upon motion of the defendants to December 6, 2006. The transcript of the December 6, 2006, proceedings reveals that Ms. Hamilton's codefendant, Mr. Bass, requested the continuance.[2] On December 6, 2006, the trial was continued on the State's motion to *112 February 7, 2007. On February 7, 2007, Ms. Hamilton made an oral motion to quash seeking to have the trial court dismiss the State's case. The trial court set a hearing on the motion to quash for February 13, 2007. On March 7, 2007, Ms. Hamilton filed a written motion to quash. Also, on March 7, 2007, after several continuances of the hearing date, a hearing was held on the motion to quash, and the trial, court granted it. The transcript from the March 7, 2007 hearing reflects that the trial court rejected the State's argument that circumstances beyond its control prevented it from bringing its case against Ms. Hamilton to trial.

STATEMENT OF THE FACTS
The facts are not relevant to the issue raised by the State on appeal. Nevertheless, the police report, a copy of which is in the record, indicates the circumstances surrounding Ms. Hamilton's arrest. On July 31, 2004, several officers were conducting surveillance of the corner of South Liberty Street and Martin Luther King Boulevard in Orleans Parish when they observed Mr. Bass engage in what they thought to be a narcotics transaction with Ms. Hamilton. After detaining Mr. Bass and Ms. Hamilton, the officers conducted a search of their persons and found $136.00 in Mr. Bass's pants and a substance the officers believed to be crack cocaine in Ms. Hamilton's shorts. Ms. Hamilton was arrested for violating La. R.S. 40:967, possession with intent to distribute cocaine.

DISCUSSION
In its sole assignment of error, the State contends that the trial court erred when it quashed the State's bill of information based upon speedy trial considerations. The State argues that the trial court erred in granting the motion to quash because the time delays for the institution of prosecution had not run by virtue of application of La. C.Cr.P. arts. 578, 579, 582, and 583. The State also relies upon this Court's prior opinion in State v. Brazile, XXXX-XXXX (La.App. 4 Cir. 5/30/07), 960 So.2d 333, which held that the effects flowing from Hurricane Katrina served to interrupt the tolling of time limitations pursuant to La. C.Cr.P. art. 579.[3] Ms. Hamilton counters that the State failed to introduce any evidence in support of its assertion that the destruction wrought by Hurricane Katrina's aftermath on the criminal district courts in Orleans Parish amounted to a "cause beyond its control" under La. C.Cr.P. art. 579.
A review of the applicable statutory provisions and jurisprudence supports the State's position that the trial court erroneously granted Ms. Hamilton's motion to quash. La.C.Cr.P. att. 536 provides that a motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court, and La.C.Cr.P. art. 536 provides that the motion shall specify the grounds upon which it is based. La.C.Cr.P. art. 532 provides that a motion to quash may be based, among other things, upon an assertion that the time limitation for the commencement of trial has expired. In this case, Ms. Hamilton's motion to quash asserts that dismissal of the State's case is warranted because the State failed to bring its case against her to trial within the statutory time limitations. La.C.Cr.P. arts. 578-82.
Under La.C.Cr.P. art. 578(A)(2), the State initially had two years from September 3, 2004, the date it filed its bill of information, within which to bring Ms. *113 Hamilton to trial in this case involving a non-capital felony. It is well settled that when, as here, the defendant moves to quash because the two year period has lapsed, the State bears a heavy burden to establish prescription was either interrupted or suspended. State v. Rome, 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1286. In Rome, the Supreme Court explained the mechanics of interruptions and suspensions as follows:
An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute, in this case two years. The Louisiana Code of Criminal Procedure article 579(A)(2) provides in pertinent part that the two-year period of limitation will be interrupted if the defendant "cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state." Once the cause of interruption disappears, the two-year time limit begins anew. See La.Code Crim.Proc.Ann. art. 579(B). In contrast, the prescriptive period is merely suspended, until the trial court rules on the filing of preliminary pleas. The relevant period is simply not counted, and the running of the time limit resumes when the motions are ruled on. Note, however, that "in no case shall the state have less than one year after the ruling to commence the trial." La.Code Crim.Proc.Ann. art. 580.
630 So.2d at 1287.
Although trial in this matter was set for September 26, 2005, the trial was canceled due to the destruction caused by Hurricane Katrina. The State asserts that prescription was interrupted due to the effects of Hurricane Katrina upon the Orleans Parish Criminal District Court. As previously noted, La.C.Cr.P. art. 579 indicates that the time limit to commence trial shall be interrupted if the defendant cannot be tried for any cause beyond the State's control. The State asserts that trial in the present matter was impossible for the following Hurricane Katrina-related reasons: (i) criminal district courts were closed as a result of the hurricane; (ii) court eventually resumed at the Orleans Parish prison but there were no juries, courtrooms, or deputies to allow for adequate security; (iii) in early 2006 court was held at the federal courthouse in Orleans Parish, but each section was only able to hold sessions approximately once every two to three weeks, and there were no juries; and, (iv) throughout this period the parties were often unable to procure or even ascertain the state of water-soaked records and evidence Further, the State asserts that it was unable to bring its case against Ms. Hamilton to trial until June 5, 2006, when the criminal district courthouse reopened and the jury commission was able to compile and seat juries for trials. Thus, the State argues that the time limitations for bringing its case against Ms. Hamilton to trial were interrupted until June 5, 2006. Accordingly, the State argues that the time limitations began to run anew on June 5, 2006, its case against Ms. Hamilton has not prescribed, and thus the trial court erred when it granted Ms. Hamilton's motion to quash.
Ms. Hamilton responds to the State's argument by asserting that the State put on no evidence in support of its assertion that the prosecution of this matter was interrupted by the after-effects of Hurricane Katrina upon the Orleans Criminal District Court. Moreover, the transcript of the motion hearing reveals that the trial court rejected the State's argument on this point and disagreed with the State's assertion that jury trials could not have been held before June 5, 2006. Instead, the trial court asserted that the jury commission *114 was ready to seat juries as early as April 2006.
Irrespective of when juries could have been seated, we have acknowledged in at least one other case that the effects flowing from Hurricane Katrina served to interrupt the tolling of time limitations pursuant to La.C.Cr.P. art. 579. Brazile, supra. In Brazile, the State filed its bill of information against Mr. Brazile on March 23, 2004. Over the course of the matter, various motions were made, and the trial date was continued and reset several times. Trial in the matter was eventually set for September 8, 2005. Following Hurricane Katrina, trial was reset for September 19, 2006. Mr. Brazile filed a motion to quash which argued that the time limitations had run on the State's prosecution. The trial court granted the motion to quash, and the State appealed. On appeal, this Court reversed the trial court, reasoning as follow:
This Court acknowledges that the State was prevented from trying Mr. Brazile on September 19, 2005 and for some time thereafter while the court was not in operation due to Hurricane Katrina. An application of article' 579 allows for the two-year limitation period imposed by article 578 to commence anew once the causes preventing the State from trying the defendant were removed and the court reconvened. This court need not determine exactly when this occurred as the motion to quash was granted after only a little more than one year had elapsed since Hurricane Katrina struck the Gulf Coast. At that point, the State still had at least a year in which to commence trial. Although the renewal of the entire two-year period could be construed as extremely prejudicial to the defendant, the constitutionality of article 579 was not raised in this matter and therefore is not currently before this court. As a court of review, we are restricted by the contents of the record. Thus, this Court must determine that the trial court erred in granting defendant's motion to quash.
Brazile, 06-1611 at pp. 4-6, 960 So.2d at 335-36.
As in Brazile, the record in this case reflects that trial was set for September 26, 2005, and was postponed as a result of the effects of Hurricane Katrina. Because of Hurricane Katrina, the State was prevented from trying Ms. Hamilton on September 26, 2005, and for some time thereafter while the criminal district court was not in operation. Further, as in Brazile, we find it unnecessary to determine exactly when the causes preventing the State from trying Ms. Hamilton were removed or when a jury could have been seated because the motion to quash was granted within two years of the anniversary of Hurricane Katrina. At the time the trial court granted the motion to quash, March, 7, 2007, the State still had approximately five months and three weeks to bring its case against Ms. Hamilton to trial. Likewise, as in Brazile, the defendant in the present case has not challenged the constitutionality of La.C.Cr.P. art. 579. Thus, the trial court erred when it held that the State failed to bring its case against Ms. Hamilton to trial within the limitation allowed by law.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings,
REVERSED AND REMANDED.
NOTES
[1] The same bill of information also charged Jovan L. Bass with violating La. R.S. 40:967. The record indicates that Mr. Bass pled guilty to the charge on January 10, 2007, and the trial court sentenced him to five years at hard labor With the Department of Corrections.
[2] Ms. Hamilton asserts that Mr. Bass's request for a continuance of the November 8, 2006, trial date should not serve to suspend the running of the applicable time limitations on the State's case against her because the continuance was requested over her objections by a co-defendant. We find' it unnecessary to address Ms. Hamilton's assertion in order to decide the State's appeal. Rather, as discussed elsewhere in this opinion, we find' the holding in State v. Brazile, XXXX-XXXX (La.App. 4' Cir. 5/30/07), 960 So.2d 333, dispositive.
[3] The defendant in Brazile has filed a writ application with the Louisiana Supreme Court (07-K-1339), which was still pending as of the date this opinion was handed down.