976 So.2d 223 (2008)
STATE of Louisiana
v.
Major DRIGHT.
No. 2007-KA-0875.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2008.
Eddie J. Jordan, Jr., District Attorney of Orleans Parish, David S. Pipes, Assistant District Attorney of Orleans Parish, New Orleans, LA, for Appellant.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellee,
Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR.
JAMES F. McKAY III, Judge.
STATEMENT OF CASE
On March 1, 2004, the State charged Major Dright with one count of second degree cruelty to a juvenile. At his arraignment on March 25, 2004, he pled not guilty. The court set a motion hearing for May 4, 2004, and on that date the State *224 obtained a continuance to May 20, 2004. On May 20, 2004, the defense waived motions, and the court set trial for July 27, 2004. The State obtained a continuance of the trial to September 28, 2004, and on that date the court continued the trial to November 15, 2004, on joint motion. Major Dright did not appear on November 15, 2004, and the court set a status hearing for December 16, 2004. On that date, Major Dright and his counsel appeared, and the court set trial for March 10, 2005. The State obtained a continuance of the trial on that date to May 12, 2005, over the defense objection. On May 12, 2005 the court on its own motion reset trial to June 15, 2005, due to another trial in progress. On June 15, 2005, the State obtained another continuance to August 17, 2005. On August 17, 2005, the State obtained another continuance, again over the defense objection, and the court set trial for September 21, 2005.
In the wake of Hurricane Katrina, the State filed a set sheet on January 22, 2007. The court set the matter for February 1, 2007, with notices to go to both Major Dright and his attorney. They both appeared on February 1, 2007, and the court set trial for April 12, 2007. On April 12, 2007, Major Dright did not appear, but trial was continued to May 15, 2007, because for some unclear reason it could not be held that day. On May 15, 2007, the court again granted the State a continuance, and the defense objected and filed a motion to quash the bill of information. The court set the hearing on the motion for May 18, 2007, and on that date the matter was heard, and the State obtained a continuance to May 21, 2007, to allow it to respond in writing to the motion. The court granted the State's motion for continuance that day. The State filed its motion to appeal the trial court's ruling that granted the motion to quash and set a status hearing for June 1, 2007. On June 1, 2007, the State withdrew its intent to seek an appeal, but on June 20, 2007, it filed another motion for appeal, which the court granted.[1]
FACTS
Because the defense waived any motions and the case never went to trial, the facts of the case are unknown. The bill of information alleges that the defendant scalded a five-month-old child in hot water. In any event, the facts of the case have no bearing on the assignment of error raised by the State.
DISCUSSION
By its sole assignment of error, the State contends that the trial court erred by granting the motion to quash the bill of information. It acknowledges that more than two years elapsed from the filing of the bill of information to the date that the court granted the motion to quash, and it acknowledges that most of the continuances in this case were granted to the State. Nonetheless, it asserts that the intervention of Hurricane Katrina interrupted the time limitations, and because less than two years elapsed from the beginning of this interruption, the trial court erred by quashing the bill of information.
As per La.C.Cr.P. art. 578 A(2), the State had two years from the filing of the bill of information in which to bring the defendant to trial. This time period may be suspended by the filing by the defendant of any "preliminary plea" until the court rules on the plea, but in any case the State has no less than one year from the ruling in which to bring the defendant to *225 trial. La.C.Cr.P. art. 580. As per La. C.Cr.P. art. 579, this time period may also be interrupted, in which case the, time limitations of art. 578 begin to run anew once the cause of the. interruption ceases to exist. In State v. Brazile, XXXX-XXXX (La.App. 4 Cir. 5/30/07), 960 So.2d 333, this court held that Hurricane Katrina fell within the provisions of art. 579 A(2), which states in part that the time limitations of art. 578 shall be interrupted if the defendant cannot be tried "for any other cause beyond the control of the state." This Court stated:
This Court acknowledges that the State was prevented from trying Mr. Brazile on September 19, 2005 and for some time thereafter while the court was not in operation due to Hurricane Katrina. An application of article 579 allows for the two-year limitation period imposed by article 578 to commence anew once the causes preventing the State from trying the defendant were removed and the court reconvened. This court need not determine exactly when this occurred as the motion to quash was granted after only a little more than one year had elapsed since Hurricane Katrina struck the Gulf Coast. At that point, the State still had at least a year in which to commence trial. Although the renewal of the entire two-year period could be construed as extremely prejudicial to the defendant, the constitutionality of article 579 was not raised in this matter and therefore is not currently before this court. As a court of review, we are restricted by the contents of the record. Thus, this Court must determine that the trial court erred in granting defendant's motion to quash.
Id. at pp. 4-5, 960 So.2d at 335-336. Although this Court noted that some of the original two-year limitation period had been suspended by various "preliminary pleas" by the defendant, including a joint continuance, it found that it need not calculate these periods of suspension because the advent of Hurricane Katrina provided an interruption of the time limitation of art. 578.[2] See also State v. Hamilton, XXXX-XXXX (La.App. 4 Cir. 11/28/07), 973 So.2d 110.
Here, the State filed the bill of information in this case on March 1, 2004. The last date the case was heard prior to the storm was August 17, 2005, when the State obtained a continuance of the trial to September 21, 2005. At that point, even if the defense had not moved for a joint continuance or had not failed to appear in November 2004, the two-year limitation had not yet run. Hurricane Katrina hit the city on August 29, 2005. Although Brazile is silent as to the date upon which the interruption caused by the storm ceased to exist, the motion to quash in this case was filed on May 15, 2007 and granted on May 21, 2007, less than two years from the date of the storm and the beginning of the interruption. Thus, as per Brazile, the time limitations of art. 578 had not yet elapsed at the time the court quashed the bill, and the trial court erred by so doing. In addition, as in Brazile, here the defendant did not challenge the constitutionality of art. 579. Indeed, the motion to quash alleges only that the bill should be quashed because the time limitation of art. 578 had been exceeded.
The State's assignment of error has merit. Accordingly, we reverse the trial court's ruling that quashed the bill of information *226 and remand the case for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Although the State withdrew its first motion for appeal, it filed its second motion within thirty days of the trial court's ruling. Thus, the State did not lose its right to appeal the trial court's ruling. See La.C.Cr.P. art. 914.
[2] The defense has filed a writ in the Supreme Court from this Court's ruling, and the writ is pending in that court. State v. Brazile, 2007-K-1339, filed 6/29/07.