ROLAND L. BELSOME, Judge.
 

 [TOn January 27, 2005 Lucio Stokes, the appellee herein, and Robert Robinson were indicted on one count each of second degree murder, a violation of La. R.S. 14:80.1. Mr. Stokes and Mr. Robinson were arraigned and entered not guilty pleas on January 31, 2005. In early March of 2005, counsel for Mr. Stokes filed pretrial motions including a motion to suppress. The court set a motions hearing for March 29, 2005. The hearing was thereafter continued several times for a variety of reasons. Following Hurricane Katrina and the temporary closing of the court system, the case returned to the docket on December 19, 2005. However, Mr. Stokes was unrepresented, and a new attorney was not appointed until March 13, 2006. Mr. Stokes filed a pro se motion for speedy trial on March 7, 2006, but the record does not indicate any ruling of action on the motion. For the following year, the matter was set multiple times for motions, status conferences, and pretrial conferences.
 

 On April 23, 2007 Mr. Robinson was tried alone and acquitted. On July 17, 2007, the court held the hearing on the pretrial motions filed by Mr. Stokes and denied the motion to suppress. Mr. Stokes’ counsel filed a motion to quash the indictment on October 9, 2007, which the trial court granted on November 16, 2007. This appeal followed.
 

 | ¡..The only issue in this appeal is whether the trial court erred when it granted the defendant’s motion to quash the indictment. Mr. Stokes argued that his constitutional right to a speedy trial had been violated because of the approximately thirty-three month delay since the institution of prosecution. The trial court agreed.
 

 In the instant case, the indictment was filed on January 27, 2005; the motion to
 
 *1128
 
 quash was filed on October 9, 2007, and the court granted the motion on November 16, 2007. Thus, the delay from the institution of prosecution to dismissal was approximately thirty-three months. The reasons for the delays in this case are varied, and some of the delays clearly are not attributable to the State. However, the record reflects that Mr. Stokes had a written memorandum of understanding with the State in exchange for his testimony against Mr. Robinson. The trial court and State both acknowledged that the delays leading up to Mr. Robinson’s trial and acquittal were largely attributed to the State’s agreement with Mr. Stokes. The trial court also recognized that Hurricane Katrina caused some delays.
 

 In
 
 State v. Brazile,
 
 2006-1611 (La.App. 4 Cir. 5/30/07), 960 So.2d 333,
 
 writ denied
 
 2007-1339 (La.1/7/08), 973 So.2d 733, this Court had the responsibility of interpreting the statutes relating to the period of limitation in which to bring a defendant to trial (La.C.Cr.P. art. 578,
 
 et seq.)
 
 post Hurricane Katrina. As was discussed in
 
 Brazile,
 
 Hurricane Katrina was an unprecedented event that was surely not anticipated by the legislature when the applicable statutes were drafted. Nonetheless, we are bound by the language within those statutes.
 

 More specifically, La.C.Cr.P. art. 579 A(2) mandates that the period of limitation established by article 578 be interrupted by causes beyond the state’s | acontrol. Article 579(B) further states that “[t]he period of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.” We find that in the instant case, the court returned the case to the docket on December 19, 2005. Based on that interruption alone, the State had, at a minimum, until December 19, 2007 to bring Mr. Stokes to trial. Accordingly, we find the trial court erred in quashing Lucio Stokes indictment on November 16, 2007.
 

 REVERSED AND REMANDED.