BONIN, J.,
concurs with reasons.
hi respectfully concur in reversing the motion to quash the indictment because the defendant’s Sixth Amendment right to a speedy trial was not violated.[1]
*1068 The trial judge rhetorically asked this question, “Well, how much more prejudice can there be than to hold a citizen who is presumed to be innocent in prison for four years without a trial?” La.C.Cr.P. art. 701(D)(2) supplies the basis for initial judicial intervention in preventing the kind of prejudice the trial judge remarked upon:
Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.
Although contrary to the majority opinion, State v. Hamilton, 07-0582 (La.App. 4 Cir. 11/28/07), 973 So.2d 110, did not hold that the interruption of time limitations occasioned by the storm terminated on June 5, 2006, that date is nevertheless an acceptable date of reference. On July 24, 2006, the defense filed a motion for speedy trial pursuant to La.C.Cr.P. art. 701. Nonetheless, over the next 27 months, Mr. Shannon was neither tried nor released from custody.
|2An article 701 release should ordinarily be employed before resorting to the more drastic remedy of quashing an indictment. An article 701 release can impress upon the prosecution the urgency of commencing the trial while not inordinately delaying the trial’s commencement occasioned by the prosecution’s successful appeal of the ruling quashing the indictment. La. C.Cr.P. art. 912(B)(1).

. The standard of review, not mentioned in the majority’s opinion, is abuse of discretion. State v. Batiste, 05-1571, p. 9 (La.10/17/06), 939 So.2d 1245, 1251; State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206-07.