McKAY, Judge.
| STATEMENT OF THE CASE
The defendant, Lawrence S. Davis, was arrested on December 4, 2004 and was charged by a bill of information on December 29, 2004, with one count of possession of crack cocaine in violation of La. R.S. 40:967(C)(2). On January 5, 2005, he appeared before the district court and entered a plea of not guilty. On February 16, 2005, pursuant to motion hearings the district court denied the defendant’s motion to suppress evidence and found probable cause to bind him over for trial. The defendant was released on his own recognizance (“ROR”) subject to intensive probation with drug testing. On March 23, 2005, the defendant appeared for trial but the trial was continued in oral motion by the State to April 25, 2005. On April 25, 2005, the defendant appeared for trial; the court reset the trial date to June 8, 2005. On June 8, 2005, the court was closed and the matter was reset for June 29, 2005. On that date the defendant was ordered by the district court to enter a drug rehabilitation program monitored by Intensive Probation. A pre-trial conference was scheduled for August 29, 2005. On that date Hurricane 12Katrina struck the City of *1039 New Orleans, causing significant damage to both the City and Orleans Parish Criminal District Court. This event temporarily brought the criminal justice system to an unprecedented halt. On June 1, 2006, the Orleans Parish Criminal Court reopened and the first jury trial was held on June 5, 2006, The next setting in the case sub judice was a pre-trial conference on January 24, 2007 which was reset to January 25, 2007. This conference was reset by the district court as the defendant had not been served. Notices were sent to the defendant and his surety. On February 7, 2007, the district court cancelled the pretrial conference and reset the matter to February 28, 2007. The defendant failed to appear in court that day and the district court issued an alias capias for his arrest in the amount of $50,000, and the State’s request to forfeit the defendant’s bond was granted. The defendant was arrested on the capius on April 29, 2008. A status hearing was set for May 8, 2008. On that date the defendant was again released to intensive probation and an evidentiary hearing set for May 16, 2008. On May 16, 2008, trial was set for July 10, 2008. On June 25, 2008, a mental competency (“lunacy”) hearing was set for July 1, 2008. On that date the defendant did not appear in court and the defense counsel file a motion to quash the bill of information based on La. C. Cr. P. art. 578(A)(2), failure to prosecute timely. The “lunacy” hearing and hearing on the open motion to quash was reset for July 15, 2008. The defendant orally motioned for a continuance which was granted, and the matter was continued to July 22, 2008. The lunacy hearing was also reset for that date. On July 22, 2008, the trial court granted the defendant’s | ..¡motion to quash the bill of information. The State filed this appeal seeking a reversal of the district court’s ruling.
FACTS
The underlying facts of this case are not pertinent to this appeal. The issues are purely procedural in nature.
ERRORS PATENT
A review of the record reveals no patent errors.
ASSIGNMENTS OF ERROR
The state argues that the district court abused its discretion in granting the defendant’s motion to quash the bill of information based on the expiration of the period of limitations.
DISCUSSION
The State argues that although La. C. Cr. P. art. 578 requires the State to bring a defendant to trial within two years of the institution of proceeding in non-capital felony offenses, the time limitation was interrupted and cites the following statutes:
La.C.Cr.P. art. 578. General rule
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
B. The offense charged shall determine the applicable limitation.
I/The state correctly notes that the provisions of the general rule cited above are subject to “interruption and suspension.” La.C.Cr.Pr. art. 579, relative to interruption of the time limitations upon the commencement of trial, provides in pertinent part:
*1040 A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(2) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
In State v. Rome, 630 So.2d 1284 (La.1994), the Supreme Court explained the mechanics of interruption and suspension as follows:
An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute, in this case two years. The Louisiana Code of Criminal Procedure article 579(A)(2) provides in pertinent part that the two-year period of limitation will be interrupted if the defendant “cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state.” Once the cause of interruption disappears, the two-year time limit begins anew. See La.Code Crim. Proc. Ann. art. 579(B). In contrast, the prescriptive period is merely suspended, until the trial court rules on the filing of preliminary pleas. The relevant period is simply not counted, and the running of the time limit resumes when the motions are ruled on. Note, however, that “in no case shall the state have less than one year after the ruling to commence the trial.” La.Code Crim. Proc. Ann. art. 580.
Rome, 630 So.2d at 1287.
|sIn State v. Brazile, 2006-1611 (La. App. 4 Cir. 5/30/07), 960 So.2d 333, this Court recognized that Hurricane Katrina, which struck New Orleans on August 29, 2005, constituted a cause beyond the control of the State that prevented it from trying the defendant according to the terms of Article 578. This put the Criminal District Court for the Parish of Orleans, where the defendant’s prosecution was then pending, out of operation. The Brazile court held that the two-year limitation for commencement of trial under La.C.Cr.P. art. 578(A)(2) was interrupted by Hurricane Katrina and commenced to run anew at some point thereafter, “once the causes preventing the State from trying the defendant were removed and the court reconvened.”
Brazile, 2006-1611, p. 4, 960 So.2d at 336.
Later in State v. Hamilton, 2007-0581 (La.App. 4 Cir. 3/5/08), 980 So.2d 147, 152, this Court revisited the Katrina interruption issue, and resolved it by setting the effective date of the end of interruption and the resetting of the start of time limitations as follows:
Nevertheless, rather than engage in hairsplitting analysis and essentially swearing contests which pit judges, prosecutors, defense attorneys and jury commissioners against each other, in an effort to determine the possible date on which a jury trial could have been conducted in the Orleans Parish Criminal District Court, the better course of conduct would be to establish a date which takes into account the circumstances present at the Criminal District Court. That date we find to be June 5, 2006, the day on which the first criminal jury trial actually occurred after Hurricane Katrina. Therefore, we find the interruption caused by Hurricane Katrina ceased to exist at that time and the State of Louisiana had one year or until June 5, 2007 *1041 to bring Ms. Hamilton to trial. See La. C.Cr.P. art. 583.
Hamilton, 2007-0581, p. 7-8, 980 So.2d at 151-152.
| fiMost recently, in State of Louisiana v. Romar, 2007-2140 (La.7/1/08), 985 So.2d 722, the defendant, who was wanted on outstanding warrant for third offense of operating a motor vehicle while intoxicated, reappeared in court eight years later, following his arrest on another charge of operating a motor vehicle while intoxicated and execution of the open attachment for him issued. The defendant moved to quash on grounds that the time limits for bringing the case to trial had expired. The Twenty-Second Judicial District Court granted the motion and the State appealed. The First Circuit affirmed, and the state sought writs. The issue before the Supreme Court was to what extent the State should be held responsible for failing to make a showing of having made a good faith effort to locate the defendant. The Louisiana State Supreme Court held that:
In the present case, the period of limitation did not begin to run anew until the cause of the interruption no longer existed, i.e., until defendant was finally arrested on the open attachment and appeared in court to dispose of the criminal contempt proceeding. The burden under La.C.Cr.P. art. 579(A)(3) thus falls not on the state to show that defendant had placed himself outside of its control to secure his presence at trial but on defendant and his sureties to avoid the consequences of his failure to appear in court after receiving notice, and one of those consequences, since 1984, is the interruption of the time limits placed on trial.
Romar, 2007-2140, pp. 7-8, 985 So.2d at 727.
Thus, the Supreme Court held that the two-year time limit for prosecution of non-capital felony cases following Katrina remains interrupted if the defendant failed to appear at any proceeding pursuant to actual notice; furthermore, this statute did not impose on the state the affirmative duty to search for defendant who had failed to appear for trial after receiving actual notice, even though the state 17ostensibly could have found defendant when he renewed his driver’s license with his new address and paid utilities.
In the instant case, the defendant’s motion to quash must fall in light of the rulings in Hamilton and Romar. The time began running once again on June 5, 2006, not as the resumption of a suspended time period but as the beginning of a new two year period during which prosecution may go forward against the defendant. Furthermore, it appears as per Romar that the state is relieved of the responsibility of locating defendants who have already been arraigned and are aware of the open charges against them, especially in cases such as the one before this Court, where the defendant has been placed on pretrial probation and thus has the burden of keeping his probation officer and the court aware of any change of address.
Although the defendant is correct in asserting that the Louisiana Supreme Court has placed a heavy burden upon the State to justify an apparent untimely commencement of trial, State v. Rome, this Court has made it clear that the effects of Hurricane Katrina and its aftermath were of sufficient breath and impact to satisfy that burden.
At the last setting in the instant matter and prior to Hurricane Katrina, on June 29, 2005, the defendant was notified in open court of his obligation to be present at a pre-trial conference that was scheduled the day the hurricane made landfall. At the first setting post Katrina, on Janu *1042 ary 24, 2007, a pre-trial conference was reset for the next day. On that date notices were sent to both the defendant and his surety at the addresses on record with the district court apprising them of the February 7, 2007 pretrial conference. Although this conference was subsequently cancelled and again reset to February 28, 2007, the defendant was once again | ^noticed at the address that he had previously been successfully served. Yet, the defendant failed to appear resulting in the issuance of a capius.
The defendant did not appear in Criminal District Court again until May 8, 2008, due to being arrested on an outstanding capius. This two-and-a-half year gap, under Article 579, represents a new interruption attributable to the defendant, and the prescription began to run anew on that date.
It is abundantly clear that the defendant was aware that he was the subject of a criminal prosecution on August 29, 2005. Moreover, he had been released by the district court to intensive probation twice, most recently on June 29, 2005. The defendant had an affirmative duty to inform the district court of a change of address for subpoena purposes. See La.C.Cr.P. art. 322.
Based on applicable jurisprudence and the facts of this case, the State has demonstrated valid grounds for interruption under Article 579. A new prescriptive period began to run on May 8, 2008, and the State, therefore, has until May 8, 2010, to bring the defendant to trial in this matter. The July 10, 2008 trial date initially set fell well within this period, and the trial court abused its discretion in granting the defendant’s premature motion to quash.
CONCLUSION
Based on the above and foregoing we reverse the judgment of the trial court, reinstate the defendant’s charges and remand the matter for further proceedings consistent with this opinion.
REVERSED AND REMANDED.