STATE OF LOUISIANA

VERSUS

RASHAUD L. ROBINSON

NO. 23-K-270

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-5624, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

June 23, 2023

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson

**WRIT DENIED; STAY DENIED**

 **JGG**

 **FHW**

 **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Darren A. Allemand

COUNSEL FOR DEFENDANT/RELATOR,
RASHAUD L. ROBINSON
    Gregory Q. Carter

**GRAVOIS, J.**

Defendant, Rashaud L. Robinson, seeks this Court's supervisory review of the trial court's April 24, 2023 ruling which denied his motion to quash the indictment. In his writ application, defendant also requests a stay and expedited consideration of his writ application due to the urgency of the issue at bar. The State of Louisiana filed an opposition to the writ application. For the following reasons, we find no error in the trial court's ruling at issue and accordingly deny the writ application. We also deny defendant's request for a stay of this matter.

## PROCEDURAL BACKGROUND

On May 4, 2017, a Jefferson Parish Grand Jury, in a superseding indictment, charged defendant, Rashaud L. Robinson, with the second degree murder of Jeffrey Johnson in violation of La. R.S. 14:30.1 (count one); attempted second degree murder of a known juvenile, B.S. (DOB 2/8/00) in violation of La. R.S. 14:27 and La. R.S. 14:30.1 (count two); attempted second degree murder of Chance King in violation of La. R.S. 14:27 and La. R.S. 14:30.1 (count three); conspiracy to commit second degree murder in violation of La. R.S. 14:26 and La. R.S. 14:30.1 (count four); and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count five).

On April 27, 2021, defendant proceeded to trial before a twelve-person jury, and on April 29, 2021, the jury reported that it was unable to reach a verdict. The minute entry from that date indicates that after the jury was polled, the trial court "declared a hung jury" and set the matter for trial on August 30, 2021. On June 29, 2021, defendant filed a "Motion to Quash due to Acquittal," alleging that he was lawfully acquitted when ten of the twelve jurors voted not guilty and that any retrial would constitute double jeopardy. On June 30, 2021, the trial court denied the motion to quash, and defendant sought supervisory review. On August 23, 2021, this Court denied the writ. *State v. Robinson*, 21-561 (La. App. 5 Cir.

8/23/21) (unpublished writ disposition). The Louisiana Supreme Court also denied writs. *State v. Robinson*, 21-1315 (La. 8/27/21), 323 So.3d 381.

On August 30, 2021, the trial court continued the trial to December 6, 2021 due to Hurricane Ida. On January 30, 2023, after several continuances, the trial was reset for March 13, 2023. On that date, the State moved for a continuance, which was granted over defendant's objection, and the matter was reset for April 24, 2023. On April 20, 2023, defendant filed a "Motion to Quash Indictment for Failure to Commence Trial Within One Year of Mistrial." On April 24, 2023, the trial court denied defendant's motion after a hearing. Defendant timely filed the instant writ application on May 24, 2023. On June 19, 2023, the State filed an opposition to the writ application.

In his writ application, defendant argues that the trial court abused its discretion by denying his motion to quash the indictment for failure to commence trial within one year of the mistrial. Defendant asserts that from December 6, 2021 to March 13, 2023, his trial was repeatedly set yet continued several times upon the State's motion without reason and over defense counsel's continuous objections. Defense counsel also asserts that on December 7, 2022, he was unable to attend a scheduled pretrial conference, as he was in trial in a different parish. He states that in his absence, the trial court, on *ex proprio motu* motion, continued the matter until January 30, 2023; however, he points out that the trial court stated in the minute entry that defense counsel was not present, but that the continuance was requested by defense counsel. Defense counsel contends that the trial court erred in finding that its *ex proprio motu* continuance, or in other words, its continuance of a pretrial conference in defense counsel's absence, caused the time period by which the State must retry the case against defendant to run anew. Therefore, defendant requests that this Court find that the State failed to prosecute the matter

within the prescriptive period provided by La. C.Cr.P. art. 582, reverse the trial court's denial of his motion to quash, and quash the indictment.

The State responds that the trial court did not err in denying defendant's motion to quash. It shows that Hurricane Ida interrupted prescription, and therefore, the State had at a minimum one year from the reset trial date of December 6, 2021, or until December 6, 2022, to bring this case to trial. The State asserts that before that period elapsed, on November 7, 2022, the State and the defense agreed to a reset trial date of March 13, 2023. It also asserts that such an agreement, as per Louisiana Supreme Court jurisprudence, has the same effect as a joint continuance that suspends prescription. Therefore, the State maintains that it has one year from November 7, 2022, or until November 7, 2023, to bring this case to trial. It further maintains that it now has longer given the instant motion to quash. Further, the State argues that defendant has not shown that his constitutional right to a speedy trial has been violated, pointing out that defendant tellingly has never filed a motion for a speedy trial.

On April 24, 2023, a hearing was held on the motion to quash the indictment. At that hearing, defense counsel argued that the State did not try defendant in a timely fashion, and therefore, the indictment should be quashed. The prosecutor responded that the defense filed a motion to reduce bond on September 26, 2022, had a "federal habeas" pending in federal court, and took a writ post-trial. He also argued that a defense continuance was requested on December 7, 2022, and therefore, it had at a bare minimum until December 7, 2023, to try the instant case.

Defense counsel replied that the bond reduction was not a substantive matter. He further replied that the writ was in federal court and was not a subject matter before the trial court that would prevent defendant from going to trial. Defense counsel maintained that none of those things would interrupt the time

period. The prosecutor repeated that defense counsel had requested a continuance on December 7, 2022, as was reflected in the record. The trial judge said that the matter was set for a pretrial conference or some type of conference on December 7, 2022, and that defense counsel did not appear, so it was continued.

The trial judge stated that they were evidently going to talk about the case at that pretrial conference, but they could not do so because defense counsel did not appear. Defense counsel asserted that the continuance of a pretrial conference did not interrupt the time period because they would have only talked about trials and nothing substantive. Defense counsel argued that did not interrupt the time period and that it had to be a substantive matter or a defense continuance. He explained that his continuing a pretrial conference because he was in trial in another parish did not prevent the State from moving forward with the trial. The trial judge stated, "I have no idea what we would have done on that day. Okay? It was continued because you weren't here. For whatever reason, I don't know. But I know -- I know a continuance is a continuance. It starts anew."

In the instant case, the State's opposition to the writ application, which includes transcripts from the dates preceded by a "*" and minute entries preceded by a "#," reflects the following pertinent dates:

| | |
|---|---|
| #August 30, 2021 | trial continued by the court to December 6, 2021 due to the court's closure because of Hurricane Ida |
| October 7, 2021 | motion for bond reduction filed by defense and set for hearing on December 6, 2021 |
| *December 6, 2021 | continuance requested by the State; trial re-set to the week of May 9, 2022; defense objected; motion to reduce bond continued without date |
| *May 9, 2022 | court status hearing set for May 23, 2022; motion to reduce bond denied |
| #May 23, 2022 | court status hearing re-set for July 18, 2022; continuance requested by court; not done in open court |

| | |
|---|---|
| *July 18, 2022 | oral notice given to defense attorney for trial on September 26, 2022 |
| *September 26, 2022 | court status hearing set for October 13, 2022; motion to reduce bond denied |
| *October 13, 2022 | court status hearing re-set for November 7, 2022; continuance requested by the State; defendant and defense attorney not present |
| *November 7, 2022 | pre-trial conference set for December 7, 2022; trial set for March 13, 2023; defense attorney waived presence of defendant |
| *December 7, 2022 | pre-trial conference continued and re-set to January 30, 2023; minute entry reflects that defendant and the defense attorney were not present, but that the continuance was requested by the defense attorney |
| January 30, 2023 | trial set for March 13, 2023 |
| March 13, 2023 | trial continued and re-set to April 24, 2023; continuance requested by the State; defense objected to continuance |
| April 20, 2023 | motion to quash indictment filed by defense |
| April 24, 2023 | motion to quash indictment denied; oral notice given for trial on July 17, 2023[1] |

## ANALYSIS

When a defendant obtains a new trial or there is a mistrial, the State must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by La. C.Cr.P. art. 578,[2] whichever is longer. La. C.Cr.P. art. 582.

---

[1] This hearing transcript was included in the writ application.

[2] La. C.Cr.P. art. 578 provides:

A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:

  (1) In capital cases after three years from the date of institution of the prosecution;

  (2) In other felony cases after two years from the date of institution of the prosecution; and

  (3) In misdemeanor cases after one year from the date of institution of the prosecution.

B. The offense charged shall determine the applicable limitation.

La. C.Cr.P. art. 579 provides the law regarding the interruption of time limitations in pertinent part as follows:

A. The period of limitation established by Article 578 shall be interrupted if:

   (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or

   (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or

   (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.

B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists[.]

La. C.Cr.P. art. 580 provides the law regarding suspension of time limitations as follows:

A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.

B. The periods of limitation established by Article 578 shall also be suspended if the court grants a continuance in accordance with the provisions of Paragraph B of Article 709.[3]

(Internal footnote added.)

The grounds for suspension under La. C.Cr.P. art. 580 also apply to the time limits specified by La. C.Cr.P. art. 582 after a new trial or a mistrial has been granted. *State v. Brooks*, 02-792 (La. 2/14/03), 838 So.2d 778, 782. For purposes of Article 580, a preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial. *State v. Cranmer*, 306 So.2d 698, 700 (La. 1975); *State v. Elfert*, 175 So.2d 826, 828 (1965). These pleadings include

---

[3] La. C.Cr.P. art. 709 provides the law regarding continuances based on the absence of witnesses.

properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. *State v. Brooks*, 505 So.2d 714, 725 (La. 1987), *cert. denied*, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987); *State v. Fabacher*, 362 So.2d 555, 556 (La. 1978). Joint motions for a continuance fall under the same rule. *State v. Jones*, 620 So.2d 341, 342 (La. App. 5 Cir. 1993). *See also State v. Rome*, 93-1221 (La. 1/14/94), 630 So.2d 1284, 1288-89.

In *State v. Revish*, 19-1732 (La. 10/20/20), 340 So.3d 864, cited by defendant in his writ application, the defendant was convicted in the district court of second degree murder and attempted second degree murder and appealed. The district court vacated the convictions and remanded with instructions. On remand, the district court granted the defendant's motion to quash indictment on the ground that the State was untimely in commencing a new trial. The State appealed. The appellate court reversed the district court's ruling, denied the defendant's motion to quash, and remanded for the second trial to proceed. The defendant filed a writ, and the Louisiana Supreme Court reversed, holding that the district court's *ex proprio motu* continuance of the matter on remand did not interrupt or suspend the one-year period for the State to commence the second trial.

In *Revish*, the Supreme Court found that the State did not timely commence the new trial and that the State failed to satisfy the heavy burden of demonstrating that the time for commencing the new trial was either interrupted or suspended. The Supreme Court asserted that the State believed that it carried that burden in the appellate court with its new argument that the district court's *ex proprio motu* continuance, or the continuance granted by the court on its own motion, constituted either a joint continuance or an interruption. The Supreme Court indicated that the district court's *ex proprio motu* order pertained to the setting of a trial date beyond the one-year statutory time period. It found that the appellate court erred in not

recognizing that argument had not first been presented to the district court. The Supreme Court indicated that argument was not properly before it. However, the Supreme Court stated that if it considered that argument, the district court's *ex proprio motu* action was not initiated by the defendant, did not benefit the defendant, was not agreed to by the defendant, and did not appear to have anything to do with the defendant at all. Because the State failed to carry its heavy burden of showing the time to commence trial was either interrupted or suspended, the Supreme Court reinstated the district court's ruling, which granted the defendant's motion to quash.

In the instant case, on April 29, 2021, a mistrial was declared, and the matter was set for trial on August 30, 2021. La. C.Cr.P. art. 582 generally provides that the State must commence the second trial within one year from the date the mistrial is ordered. As such, it appears that the State should have commenced the second trial one year from April 29, 2021, or by April 29, 2022. Because the State did not commence trial within this time period, it bore a heavy burden of demonstrating that time was either interrupted or suspended.

The record reflects that the time period was interrupted by Hurricane Ida. On August 30, 2021, the trial court continued the trial to December 6, 2021, due to Hurricane Ida. (*See State v. Dright*, 07-875 (La. App. 4 Cir. 1/16/08), 976 So.2d 223, where the Fourth Circuit found that the two-year period of limitation for bringing the defendant to trial in his felony case was interrupted while the court was not in operation due to Hurricane Katrina because that was a cause "beyond control of the state.")

Here, on August 31, 2021, the Louisiana Supreme Court issued an order wherein it suspended time limitations due to Hurricane Ida. However, even though the term "suspension" was used by the Supreme Court in its order, Louisiana jurisprudence has treated natural disasters like hurricanes as interruptions and not

suspensions.  (*See State v. Bibbins*, 14-971 (La. 12/8/14), 153 So.3d 419, where the Supreme Court found that Hurricane Isaac was a cause beyond the control of the State that interrupted the two-year prescriptive period in which to bring the defendant to trial pursuant to Article 579(A)(2); *State v. Simmons*, 22-208 (La. App. 3 Cir. 10/19/22), 350 So.3d 599, *writ denied*, 22-1622 (La. 2/7/23), 354 So.3d 675, where the appellate court indicated that a hurricane or other natural disaster is a cause beyond the control of the State that interrupts prescription.)  Therefore, in the instant case, the State had a minimum of one year from December 6, 2021, or until December 6, 2022, to bring defendant to trial after the time period was interrupted by the hurricane.[4]

In the instant case, the record also reflects that the time period was suspended when the defense, on November 7, 2022, acquiesced to a trial date after December 6, 2022, which appears to be the functional equivalent of a joint continuance by mutual agreement.  *See State v. Fish*, 05-1929 (La. 4/17/06), 926 So.2d 493, in which the State and the defense, at a July 8, 2004 status conference, unknowingly picked a trial date after the date on which the prosecution would prescribe.  The Supreme Court found that the status conference of July 8, 2004 constituted "a grounds of suspension" for purposes of La. C.Cr.P. art. 580 because it directly affected, by mutual assent, the State's ability to bring the case to trial in a timely manner.  It further found that the effect of their mutual agreement was to extend prescription beyond the date of November 17, 2004, in the same manner as

---

[4] La. C.Cr.P. art. 579(B) provides, "The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists."  Here, the date when the cause of interruption no longer existed is unclear; however, it appears that December 6, 2021 was a reasonable time for the trial court to reset the trial date after Hurricane Ida.  The Louisiana Supreme Court website reflects that the 24th Judicial District Court issued Order 2021-011 that was signed on September 10, 2021, which states that the court was closed until 8:30 a.m. on September 20, 2021, and that those with court dates during the period of closure during Hurricane Ida were to report to or contact the division between September 20, 2021 and October 1, 2021 for a new court date.

if counsel had joined in a continuance for that avowed purpose. Thus, the Supreme Court found that the State had until July 8, 2005 in which to try the case.[5]

Here, the minute entry dated November 7, 2022 reflects that the defense attorney appeared and waived the presence of defendant, after which a pretrial conference was set for December 7, 2022, and the trial was set for March 13, 2023, as shown by the transcript of that date attached to the State's opposition. Upon review, we find that there was an implied motion for continuance or an acquiescence by the defense attorney when he apparently agreed to set the trial after the one-year date of December 6, 2022. We further find that this implied continuance by the defense suspended the time period for bringing defendant to trial, as per *State v. Fish*, *supra*.

## CONCLUSION

For the foregoing reasons, we find that the State has borne its heavy burden, as required by *State v. Revish*, *supra*, of demonstrating that the time within which it must bring defendant to trial again was either interrupted or suspended by the case events related above in detail. Therefore, we find no error in the trial court's denial of defendant's motion to quash. This writ application is accordingly denied. Defendant's request for a stay of this matter is also denied.

**WRIT DENIED; STAY DENIED**

---

[5] *See also State v. Morgan*, 10-2253 (La. App. 1 Cir. 6/10/11), 2011 WL 3371536 (unpublished opinion; not designated for publication): "Indeed, the mutual agreement between the State and McKenney and Goldston for a trial date beyond the point of prescription would have extended the date of prescription in the same manner as if counsel had joined in a continuance for that avowed purpose even without McKenney and Goldston formally joining in the motion to continue," citing *Fish*, *supra*.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 23, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-270**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
DARREN A. ALLEMAND (RESPONDENT)      THOMAS J. BUTLER (RESPONDENT)      GREGORY Q. CARTER (RELATOR)

### MAILED

HONORABLE PAUL D. CONNICK, JR.
(RESPONDENT)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053