980 So.2d 147 (2008)
STATE of Louisiana
v.
Ingrid HAMILTON.
No. 2007-KA-0581.
Court of Appeal of Louisiana, Fourth Circuit.
March 5, 2008.
*148 Eddie J. Jordan, Jr., District Attorney, Kevin P. Guillory, Assistant District Attorney, New Orleans, LA, for State of Louisiana.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Appellee, Ingrid Hamilton.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO, JR.).
LEON A. CANNIZZARO, JR., Judge.
The State of Louisiana appeals the trial court's granting of a motion to quash filed by the defendant, Engrid M. Hamilton.[1] We reverse the trial court's ruling and remand the matter for further proceedings.

STATEMENT OF CASE
On October 16, 2003, the State filed a bill of information charging Ms. Hamilton with possession with the intent to distribute cocaine, a violation of La. R.S. 40:967.[2] She pled not guilty. The trial judge denied Ms. Hamilton's motion to suppress the evidence and then set a trial date.
After several continuances of trial settings, the matter eventually proceeded to trial on November 29, 2004, and resulted with the jury being unable to reach a verdict (hung jury) and the trial judge declaring a mistrial. Due to another series of continuances by the State, Ms. Hamilton and the court, the case was again set for trial on September 26, 2005. As a result of the devastation caused by Hurricane Katrina on August 29, 2005, the case could not proceed to trial on September 26, 2005. Activity next occurred in this matter on December 6, 2006, when the trial court continued the case on the State's motion until February 7, 2007. Then, on February 7, 2007, Ms. Hamilton filed a motion to quash the bill of information. The matter came to a hearing on Ms. Hamilton's motion on March 7, 2007. At that time, the trial court granted the motion to quash. The trial court gave the following reasons for judgment:
The Court:
. . . . November 29, 2004 [The date of the mistrial]. So you had until November 29, 2005. Because of the hurricane you were able to get a couple of more months.
How many months did the Supreme Court suspend?

*149 Mr. Honore:
Three. I think three, your Honor.
The Court:
So, yes, November, December, January, February. At the latest, you had until the last day of February [2006]. And you didn't try the case before then, so you lose on that one. So we don't even get to the November date. We don't even get to the November issue of whether or not who asked for the continuance in November because you guys didn't try it by February. At the latest, March. Even if I give you another month, you didn't try it by March. So as in Case Number 443-514, Motion to Quash is granted.
The State appealed the trial court's granting of the motion to quash.

DISCUSSION
In its sole assignment of error, the State contends that the trial court erred when it quashed the bill of information. Specifically, the State argues that the trial court erred in granting the motion to quash because the time delays for the trial of the prosecution had not run in view of La.C.Cr.P. arts. 578, 579, 582, and 583. The pertinent parts of these articles provide:
Art. 578. General rule
A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligations be enforceable:
* * *
(2) In other felony cases after two years from the date of institution of the prosecution;
Art. 579 Interruption of time limitation
A. The period of limitation established by Article 578 shall be interrupted if:
* * *
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
* * *
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists. [Emphasis supplied]
Art. 582. Time limitations; effect of new trial
When a defendant obtains a new trial or there is a mistrial, the state must commence the second trial within one year from the date the new trial is granted, or the mistrial is ordered, or within the period established by Article 578, whichever is longer.
Art. 583. Interruption of time limitation where new trial
The period of limitation established by Article 582 shall be interrupted by any of the causes stated in Article 579. Where such interruption occurs, the state must commence the new trial within one year from the date the cause of interruption no longer exists. [Emphasis supplied]
The State asserts that pursuant to La. C.Cr.P. arts. 579 and 583, prescription in the present matter was interrupted by the effects of Hurricane Katrina upon the Orleans Parish Criminal District Court. As previously noted, La.C.Cr.P. art. 579 provides that the time limit to commence trial shall be interrupted if the defendant cannot be tried for any cause beyond the State's control and La.C.Cr.P. art. 583 allows *150 the State one year from the date that the interruption ceases to exist within which to try the matter.
Specifically, in State v. Brazile, XXXX-XXXX, pp. 4-6 (La.App. 4 Cir. 5/30/07), 960 So.2d 333, 335-336, this Court acknowledged that the effects of Hurricane Katrina caused a shut down of the operations in the Orleans Parish Criminal District Court and thus served to interrupt the tolling of time limitations pursuant to La.C.Cr.P. art. 579 A(2). However, the court in Brazile did not find it necessary to establish a specific time within which the interruption of the operations at Criminal District Court ceased to exist. Thus, the question had not been resolved up to that point.
The record in this matter shows that trial was set for September 2005, but was canceled as a result of Hurricane Katrina. This Court's acknowledgement in Brazile of the effects of Hurricane Katrina upon the operation of Criminal District Court should apply to the facts of this case. Because of Hurricane Katrina, the State was prevented from trying Ms. Hamilton on September 26, 2005, and for some time thereafter since the court was not in operation. Thus, Hurricane Katrina's impact upon the criminal justice system in Orleans Parish served to interrupt the applicable time limits in this case.
However, this case, unlike Brazile, had proceeded to trial on November 29, 2004 with the result being a hung jury and a mistrial. Pursuant to La.C.Cr.P. art. 582, the State had one year from November 29, 2004, or until November 29, 2005, to bring Ms. Hamilton to trial. The second trial was pending on September 26, 2005 when the interruption occurred, i.e. Hurricane Katrina, a cause beyond the control of the State. See La.C.Cr.P. art. 579 A(2). Thus, the sole issue for this court's consideration is: when did the interruption caused by Hurricane Katrina cease to exist?
The State asserts that the trial of the present matter was impossible for the following Katrina-related reasons: 1) Criminal District Court was closed as a result of the hurricane; 2) court eventually resumed at the Orleans Parish Prison but there were no juries, courtrooms, or deputies to provide adequate security; 3) in early 2006 court was held at the federal courthouse in Orleans Parish, but each section was only able to hold sessions approximately once every two to three weeks, and there were no juries; and, 4) throughout this period the parties were often unable to procure or even ascertain the state of water-soaked records and evidence. Further, the State asserts that it was unable to bring its case against Ms. Hamilton to trial until June 5, 2006, when the Criminal District Court courthouse reopened and the Jury Commission was able to compile and seat juries for trials. Thus, the State argues that the time limitations for bringing its case against Ms. Hamilton to trial were interrupted until June 5, 2006. Accordingly, the State argues that the time limitations began to run anew on June 5, 2006, its case against Ms. Hamilton has not prescribed, and thus the trial court erred by granting the motion to quash.
In response to the State's argument, Ms. Hamilton argues that the State offered no evidence in support of its contention that the prosecution of this matter was interrupted by the after-effects of Hurricane Katrina upon Criminal District Court. Moreover, the transcript of the March 7, 2007 motion hearing reveals that while the trial court did not specifically discount the State's argument on this point it disagreed with the State's assertion that jury trials could not have been held before June 5, 2006. Instead, the trial court asserted that the Jury Commission was ready to *151 seat juries as early as April 2006. Specifically, the transcript provides:
Mr. Guillory:
We were at the House of Detention. We had no jurors. We did not have a jury pool until June 2006.
The Court:
That's not correct. That is not correct. I left on maternity leave in May. And before I left for maternity leave I tried to get numerous cases tried.
* * *
The month of April there was a jury pool that was put together, so you could have tried a case in April.
Mr. Guillory:
And actually this A.D.A. tried the first case after Hurricane Katrina in Section J, the State versus Larry Williams, on June 5, 2006.
The Court:
But that is not the first time a jury pool was pulled together. I know that for a fact because I requested it. That is not correct.
* * *
The Court:
In fact, I think the jurors that were convened for June were the ones that were called out in April. But because there were no trials that could be pulled together, they just told those jurors to come back the following month. Nothing happened that month, so they asked the jurors to come back the following month. So that's not correct.
However, at the time the trial court granted the motion to quash on March 7, 2007, the case against Ms. Hamilton had not prescribed. Even when considering the trial judge's comments at the hearing of the motion to quash, she recognized the unavailability of juries in the Criminal District Court until April of 2006. Given this analysis on March 7, 2007, the State still would have had at least another month until April of 2007 within which to try Ms. Hamilton.
The record from other proceedings in the same section of Criminal District Court indicates that a jury trial could not have taken place until June 5, 2006. Specifically, in State v. Rudy Francis, XXXX-XXXX (La.App. 4 Cir. 1/30/08), 977 So.2d 187, this court noted:
[B]ased on the testimony and the record before us, that as of June 5, 2006, disruptions to the criminal justice system in Orleans Parish as a result of Hurricane Katrina ceased to exist such that the State could reasonably have seated a jury and conducted a trial. The transcript reflects that a letter was disseminated by the Chief Judge of the Orleans Parish Criminal District Court to the effect that "effective June 5th jury trials have resumed at Criminal District Court. Approximately 170 jurors have been selected to serve here." Accordingly, June 5, 2006 was the date on which the period of interruption resulting from Hurricane Katrina ceased to exist. After reviewing the transcript of the evidentiary hearing in which the Orleans Parish Chief Judge of Criminal District Court, the District Attorney and Jury Commissioner testified, we find no evidence to support the assertion that criminal jury trials could have been conducted prior to June 5, 2006. Thus, the State was effectively prevented from trying the defendant at any point prior to June 5, 2006.
XXXX-XXXX, p. 4 (La.App. 4 Cir. 1/30/08), 977 So.2d 187, 190.
Nevertheless, rather than engage in hairsplitting analysis and essentially swearing contests which pit judges, prosecutors, *152 defense attorneys and jury commissioners against each other, in an effort to determine the possible date on which a jury trial could have been conducted in the Orleans Parish Criminal District Court, the better course of conduct would be to establish a date which takes into account the circumstances present at the Criminal District Court. That date we find to be June 5, 2006, the day on which the first criminal jury trial actually occurred after Hurricane Katrina. Therefore, we find the interruption caused by Hurricane Katrina ceased to exist at that time and the State of Louisiana had one year or until June 5, 2007 to bring Ms. Hamilton to trial. See La. C.Cr.P. art. 583.
Thus, we find the trial court erred when it held that the State had failed to bring its case against Ms. Hamilton to trial within the limitation allowed by law and in quashing the bill of information.

DECREE
Accordingly, for the reasons set forth above, the judgment of the trial court granting the motion to quash is reversed and this matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The bill of information, the minute entries, the docket master, the pleadings and various other documents in the record refer to the defendant as "Engrid Hamilton." However, the transcript from the hearing on the motion to quash and the defendant's appeal brief refer to her as "Ingrid Hamilton."
[2] The underlying facts of this case are not relevant to the issue before the Court and therefore are omitted from this discussion.