984 So.2d 203 (2008)
STATE of Louisiana
v.
Trentia COMADORE.
No. 2007-KA-0976.
Court of Appeal of Louisiana, Fourth Circuit.
May 14, 2008.
Rehearing Denied June 18, 2008.
Eddie J. Jordan, Jr., District Attorney of Orleans Parish, Josie N. Wicks, Assistant District Attorney of Orleans Parish, *204 New Orleans, Louisiana, for Plaintiff/Appellant.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, Louisiana, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge EDWIN A. LOMBARD, MOON LANDRIEU, Judge Pro Tempore).
JAMES F. McKAY III, Judge.
STATEMENT OF CASE
On June 2, 2003, Trenita Comadore was charged with various other codefendants [1] in case number 439-108 with one count of theft over $500.[2] At her arraignment on June 19, 2003, she pled not guilty, and the court set a hearing to determine counsel for July 3, 2003. On July 3, 2003, the court ordered the matter placed on the docket for August 11, 2003. Ms. Comadore failed to appear at an August 11, 2003, hearing to determine counsel, and the court set a pretrial conference for August 27, 2003. She and counsel appeared on that date and the matter was set for a motion hearing on September 25, 2003. The court was closed on September 25, 2003, and the matter was reset to October 23, 2003. The matter was reset on defense motion on that date, with a status hearing set for December 4, 2003, and a motion hearing set for December 18, 2003. On December 18, 2003, the matter was reset on joint motion to January 6, 2004. On January 6, 2004, the court reset the matter for a status hearing on February 10, 2004. On that date, the court set the motion hearing for March 16, 2004. On March 16, 2004, the court set a status hearing for April 14, 2004. On April 14, 2004, the court set the motion hearing for April 16, 2004, and trial for June 1, 2004. On June 1, 2004, the court found probable cause to hold Ms. Comadore for trial. The court continued the trial to June 15, 2004, and on that date it continued the trial to June 29, 2004 due to another trial in progress. On June 29, 2004, the State nolle prosequied the charge against Ms. Comadore and closed the case as to her.
On July 2, 2004, in case number 449-919, the State charged Ms. Comadore with one count each of computer fraud and conspiracy to commit computer fraud.[3] She did not appear at her arraignment on August 4, 2004, and the matter was reset to August 31, 2004. She did not appear on that date either, but her attorney appeared, and the court set a motion hearing on October 21, 2004. Ms. Comadore appeared on October 21, 2004, but her counsel did not, and the court reset the motion hearing on joint motion to November 22, 2004. On November 22, 2004, counsel for Ms. Comadore filed motions to quash both counts and a motion to sever. The court granted the motion to quash the conspiracy count but denied the other two motions. After hearing testimony, it found probable cause to hold the defendant on the fraud count but no probable cause for the conspiracy count. The court reset the matter for further hearing and for trial for December 20, 2004. On December 20, 2004, counsel for Ms. Comadore filed a notice of intent to seek writs, and the court set an "appeal" status for February 25, 2005. This court denied the writ on February 25, 2005 in an unpublished disposition. State v. Comadore, 2004-2178 (La.App. 4 Cir. 2/25/05). On that same date, the court *205 reset the status to April 29, 2005. Court was closed on that date, and the matter was reset to May 3, 2005. Ms. Comadore did not appear on May 3, 2005, and the court set a status date for May 16, 2005, mistakenly noting that no "appeal" had been taken by any of the defendants. The court was closed on May 16, 2005, and the matter was reset to May 19, 2005. Ms. Comadore did not appear on May 19, 2005, and the matter was continued without date. On June 13, 2005, the court set a status hearing for June 24, 2005. On June 24, 2005, the court set trial for July 28, 2005. Ms. Comadore did not appear on July 28, 2005, and the court reset trial for September 14, 2005.
In the aftermath of Hurricane Katrina, on June 30, 2006, the court set trial for August 23, 2006. Ms. Comadore did not appear on that date, and the court reset trial for October 23, 2006. However, on October 20, 2006, the court set the case for a status hearing on November 3, 2006. On November 3, 2006, Ms. Comadore did not appear, and the court reset the matter for trial for December 18, 2006. On that date, the State nolle prosequied the charges against Ms. Comadore.
On February 22, 2007, in case number 468-703 (the present case), the State charged Ms. Comadore with one count each of computer fraud and conspiracy to commit computer fraud.[4] The court set arraignment for March 27, 2007, but because Ms. Comadore was not served, the court reset arraignment for April 17, 2007. The State reset arraignment on that date to May 8, 2007. On May 8, 2007, counsel for Ms. Comadore filed a motion to quash the bill of information. Ms. Comadore pled not guilty to the charges, and the court granted the motion to quash and ordered Ms. Comadore released. The State filed its motion for appeal on May 11, 2007, and the court granted the motion.
FACTS
The facts of this case are unknown from the record and are not relevant to the State's appeal. The prior writ before this Court indicated that the defendant and several codefendants were charged with fraud by computer related to the issuing of bogus Greyhound Lines bus tickets while they were employed by Greyhound.
DISCUSSION
By its sole assignment of error, the State argues that the trial court erred by granting the motion to quash the bill of information in the present case. The State contends that the trial court granted the motion based upon its finding that the defendant's constitutional speedy trial right was violated. The motion to quash filed by the defendant was based both upon an alleged violation of her constitutional speedy trial right as well as an allegation that her statutory right to a speedy trial as per La.C.Cr.P. arts. 572, 576, and 578 et al. was violated. The transcript of the May 8, 2007, hearing where the court quashed the bill of information is silent as to what ground the court granted the motion. The transcript also reflects that the court did not give the State an opportunity to respond to the motion or to place anything on the record before it quashed the bill. Indeed, the State was silent during the transcript, and it was the court itself that noted an objection on the State's part to the court's ruling.
With respect to the defendant's statutory right to a speedy trial, her motion to quash first alleged that the present bill of information violated La.C.Cr.P. art. 572 because the bill might have been filed more than four years from the date of the *206 offense. Because the defendant was exposed to felony sentences to be served with or without hard labor (see La. R.S. 14:26; 14:73.5), art. 572 A(2) provides that the bill of information must be filed within four years of the date of the offense. However, art. 573(1) provides in part that the time limitations of art. 572 shall not start to run "until the relationship or status of the involved has ceased to exist when: (1) The offense charged is based on the misappropriation of any money or thing of value by one who, by virtue of his office, employment, or fiduciary relationship, has been entrusted therewith or has control thereof." Here, the defendant was charged with computer fraud by accessing the computer system of Greyhound Lines, Inc. with the intent to defraud or obtain money, etc. belonging to Greyhound through the fraudulent alteration, deletion, or insertion of programs or data. The dates of the offenses alleged in the bill of information are July 3, 2002, through February 14, 2003. The present bill of information, the third one, was filed on February 22, 2007, a few days later than the latest date alleged in the bill of information. However, the date of February 14, 2003, might not be the controlling date in this case because as per art. 573 the time limitations did not start to run until the defendant no longer worked for Greyhound. In addition, La.C.Cr.P. art. 576 provides that the State may dismiss and then reinstitute prosecution "within the time established by this Chapter or within six months from the date of dismissal, whichever is longer," as long as the dismissal was not "for the purpose of avoiding the time limitations for commencement of trial established by Article 578." Here, the State nolle prosequied the second bill of information on December 18, 2006, and filed the present bill on February 22, 2007, within six months of the dismissal. Thus, even though the present bill may not have been filed within the four-year time limitation of art. 572, it was timely filed within the time limitation of art. 576. This particular claim has no merit.
The defendant's motion to quash further alleged that the State had to prove that its decision to dismiss the second bill was not an attempt to avoid the time limitations of La.C.Cr.P. art. 578 to bring her to trial. As per art. 578, the State had two years from the institution of prosecution in which to bring the defendant to trial. The second bill of information was filed on July 2, 2004, and the court granted the motion to quash on May 8, 2007, more than two years after the filing of the bill. However, this time period may be suspended by the filing by the defendant of any "preliminary plea" until the court rules on the plea, but in any case the State has no less than one year from the ruling in which to bring the defendant to trial. La.C.Cr.P. art. 580. As per La.C.Cr.P. art. 579, this time period may also be interrupted, in which case the time limitations of art. 578 begin to run anew once the cause of the interruption ceases to exist.
In State v. Brazile, XXXX-XXXX (La.App. 4 Cir. 5/30/07), 960 So.2d 333, writ denied, XXXX-XXXX (La.1/7/08), 973 So.2d 733, this Court held that Hurricane Katrina fell within the provisions of art. 579 A(2), which states in part that the time limitations of art. 578 shall be interrupted if the defendant cannot be tried "for any other cause beyond the control of the state." Although this Court noted that some of the original two-year limitation period had been suspended by various "preliminary pleas" by the defendant, including a joint continuance, it found that it need not calculate these periods of suspension because the advent of Hurricane Katrina provided an interruption of the time limitation of art. 578. Furthermore, in State v. Hamilton, XXXX-XXXX, p. 4 (La.App. 4 Cir. 3/5/08), *207 980 So.2d 147, this Court specifically held that the interruption caused by Hurricane Katrina ceased to exist on June 5, 2006, the day on which the first criminal jury trial actually occurred in Orleans Parish Criminal District Court after Hurricane Katrina.
Here, as in Brazile and Hamilton, the case was pending when Hurricane Katrina hit. The last setting before the storm was for trial on July 28, 2005, but when the defendant did not appear on that date, the court granted a joint continuance and reset the trial for September 14, 2005. At that time, the two-year period had not elapsed. Hurricane Katrina hit the city on August 29, 2005, and the interruption caused thereby ceased to exist on June 5, 2006. The State, therefore, had two years from that date or until June 5, 2008 to bring the defendant to trial. See La.C.Cr.P. arts. 578 and 579. The motion to quash in this case was filed and granted on May 8, 2007. Because the time limitations set forth in art. 578 had not yet elapsed, the trial court erred in quashing the bill of information. In addition, as in Brazile, here the defendant did not challenge the constitutionality of art. 579. Thus, any claim as to constitutionality of the time limitations of art. 578 also has no merit.
The motion to quash also could be read to have invoked her constitutional right to a speedy trial. She alleged that the State's failure to bring her to trial has prejudiced her because she repeatedly had to travel to court for hearings, and she had been unable to obtain employment because of the pending charges. She also reiterated her claim that the State had to show that it did not dismiss the prior bill to avoid art. 578's time limitations.
In State v. Scott, XXXX-XXXX, pp. 4-6 (La.App. 4 Cir. 4/25/07), 958 So.2d 725, 728-729, this court discussed both of these arguments:
As noted at the outset, the principal issue on this appeal is whether the trial court, as the State argues, erred in granting Mr. Scott's motion to quash. The jurisprudence has recognized the State's authority to enter a nolle prosequi and to reinstitute the charge.[5] The jurisprudence, however, has recognized that the State's authority may be overborne under the circumstances of any given case by the defendant's constitutional right to a speedy trial. State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198; State v. Scott, 04-1142 (La.App. 4 Cir. 7/27/05), 913 So.2d 843, writ denied, 06-0822 (La.10/13/06), 939 So.2d 356.
A defendant challenging the State's nolle prosequi and reinstitution of charges has the burden of showing a violation of his constitutional right to a speedy trial. State v. Henderson, 00-0511, p. 7 (La.App. 4 Cir. 12/13/00), 775 So.2d 1138, 1142. The standard for analyzing *208 a defendant's claim that his constitutional right to a speedy trial has been violated is the four factor test enunciated in Barker v. Wingo, 407 U.S. 514, 530, 531-32, 92 S.Ct. 2182, 2192-93, 33 L.Ed.2d 101 (1972), which is as follows: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. State v. Batiste, 05-1571, p. 7 (La. 10/17/06), 939 So.2d 1245, 1250. The circumstances of each individual case will determine the weight to be ascribed to the length of and the reason for the delay. [T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge. Id. (quoting Barker, 407 U.S. at 531, 92 S.Ct. at 2192).
Applying these principles, the Louisiana Supreme Court in Batiste found no speedy trial violation under the facts of that case. The defendant in Batiste was charged with video voyeurism. Nineteen months elapsed between the filing of the original bill and the quashing of the reinstituted charges. The Court found the reasons for the delay could not be attributed solely to the State and that there was no intentional delay on the States part to gain a tactical advantage. The Court further found that there was no suggestion that the defendants defense was impaired by the delay. The Court noted that the defendant was not in jail during the delay and that there was no indication that any evidence was lost due to the delay. The Court emphasized that the State had a legitimate reason for its nolle prosequithe victim was not present for trial and was wavering in her commitment to going forward with the case. Given these circumstances, the Supreme Court reversed this courts decision, which affirmed the trial courts ruling granting the defendants motion to quash.
A court's resolution of a motion to quash in cases where the district attorney entered a nolle prosequi and later reinstituted charges should be decided on a case-by-case basis. Batiste, 05-1571 at p. 5, 939 So.2d at 1249 (citing Love, 00-3347 at p. 14, 847 So.2d at 1209). "[T]he proper approach to the question of whether the defendant's right to a speedy trial was violated is not merely a review of the dates and circumstances of the hearings, but an examination of the entire record in order to discern whether there was `palpable abuse' on the part of the trial court in granting the motion to quash." State v. Harris, XXXX-XXXX at p. 4 (La.App. 4 Cir. 9/10/03), 857 So.2d 16, 18.
In addition, the first of the four Barker v. Wingo factors, the length of the delay, is the "triggering mechanism," and if the length of the delay is not "presumptively prejudicial," the court need not inquire into the other three Barker factors. See State v. Scott, XXXX-XXXX (La.App. 4 Cir. 7/27/05), 913 So.2d 843[6]; State v. Santiago, XXXX-XXXX (La.App. 4 Cir. 7/23/03), 853 So.2d 671.
Here, applying the four Barker factors, a little over four years elapsed from the filing of the first bill of information and the court's quashing of the present bill. Thus, the delay is presumptively prejudicial, and this court must look to the other three factors.
With respect to the reasons for the delay, prior to Hurricane Katrina there were various continuances filed by both sides, some of the defense continuances filed when the defendant failed to appear after being notified in court and some *209 when she failed to appear because she apparently was not notified. As late as November 2004 defense motions were still pending, and three further months elapsed while the defendant sought relief in this court. By the same token, it appears that it took the court four more months before it notified the defendant and she appeared in court. The court then set trial for July 28, 2005, and the defendant was in court the day the court set the July 28, 2005 trial date. Nonetheless, she failed to appear on July 28, 2005, and the trial was reset for September 14, 2005. In June 2006, the court set trial for August 23, 2006, but there is no indication that the defendant was served, and she did not appear on August 23, 2006, or on November 3, 2006, when again it was not clear that she was served. She appeared for trial on December 18, 2006, when the State nolle prosequied the case. After the State reinstituted the charges in the present case, the court set arraignment, but again the defendant did not appear because she was not served with notice. Arraignment was then reset twice, and when she appeared on May 8, 2007, she pled not guilty and filed her motion to quash. Thus, the reasons for delay in this case are attributable to both the State and the defense.
With respect to the third factor, there is no indication that the defendant filed a motion for speedy trial in any of the three cases. As to the prejudice she has suffered, the fourth Barker factor, her motion alleged that she has been unable to find employment while these charges have been pending, and she has been forced to repeatedly return to court for hearings during these four years. In addition, counsel for the defendant admitted that he threw out all his papers from the case after the charges were dismissed the second time, and the State will now again have to photocopy "thousands" of pages of documents for discovery. However, defense counsel's mistake in throwing out his paperwork for the case cannot be attributed to the State. As to the defendant's two other allegations of prejudice, the Court in Batiste rejected similar reasons, noting that the defendant was not incarcerated during the pendency of the proceedings, and the defendant did not allege that his defense was impaired by the delay in bringing him to trial.
More than four years elapsed between the filing of the first bill of information and the granting of the motion to quash the third bill. However, applying the other three Barker factors, it does not appear that the defendant's constitutional right to a speedy trial was violated, especially given the facts that a lot of the delay in this case was a result of filings by the defendant and her failure to appear and that she has not alleged sufficient prejudice by this delay. As such, we find that the trial court abused its discretion by granting the motion to quash.
Accordingly, we reverse the ruling of the trial court and remand the case for further proceedings consistent with this opinion.
REVERSED.
NOTES
[1] Also charged in the same bill were Terry Barker, Patrice Bastian, Tawanda Montgomery, D'Andrea Cooper, Tameka Benjamin, Nicole Davis, and Tiffany Gray.
[2] The case number mentioned by the State in its brief for this case is incorrect.
[3] Also charged in this bill were Cooper, Benjamin, and Davis.
[4] Also charged in this case were Cooper and Benjamin.
[5] The State's authority to dismiss any prosecution without the consent of the court is recognized in La.C.Cr.P. art. 691. Under La. C.Cr.P. art. 576, the State is authorized to reinstitute the charges within six months of dismissal. In this case, the State reinstituted the charges against Mr. Scott six days after the dismissal. The State, however, is required to show that the dismissal of the original prosecution was not for the purpose of avoiding the time limitations set by Article 578. Given that the charge at issue in this case is a non-capital felony (possession of cocaine), Article 578 required the State to bring Mr. Scott to trial within two years from the date of the bill of information. La.C.Cr.P. art. 578. The original bill of information was filed on April 26, 2005, and the motion to quash was granted on November 3, 2006, eighteen months later. The State did not dismiss the first case in order to avoid the time limitations of Article 578. Thus, Mr. Scott's statutory right to a speedy trial had not been violated at that point. The sole issue is whether the constitutional speedy trial requirement was satisfied.
[6] Writ den. State ex rel. Scott v. State, XXXX-XXXX (La.10/13/06), 939 So.2d 356.