PAUL A. BONIN, Judge.
I,Tam Tran was charged by bill of information with simple possession of cari-soprodol, which is scheduled controlled dangerous substance.[1] Mr. Tran filed a motion to quash the charge under La. C.Cr.P. art. 532(10) because he claimed to have a valid prescription or order from a practitioner. Mr. Tran submitted a Patient’s History Report from Rite Aid which showed that Dr. Michael Hunter *673 had prescribed carisoprodol on August 5, 2009. The prosecution submitted no countervailing evidence and merely noted its objection to the trial judge’s ruling which sustained or granted the motion.
On appeal, the prosecution argues that the trial judge abused her discretion because the prescription, which was admittedly valid, was more than two years old at the time of Mr. Tran’s arrest for possession on December 13, 2011, and the prescription directed that the 120 pills be consumed at the rate of four per day for thirty days. In support of its argument, the prosecution points out that under the Administrative Code, prescriptions are only valid for six months.[2]
|2We have reviewed the trial judge’s ruling under an abuse-of-discretion standard and, especially in the light of our holding last year in State v. Williams, 12-0110 (La.App. 4 Cir. 10/10/12), 101 So.3d 533, conclude that the trial judge did not abuse her discretion.[3] Accordingly, we affirm the ruling and dismissal of the charge of possession of carisoprodol. We explain our decision in greater detail in the Parts which follow.
I
Carisoprodol is scheduled as a controlled dangerous substance. See La. R.S. 40:964, Schedule IV B(4.1). The attributes of a Schedule IV CDS are its low potential for abuse relative to higher scheduled substances, but its abuse may lead to limited physical or psychological dependence; however, it currently has an accepted medical use in treatment in the United States. See La. R.S. 40:963D.
Knowing or intentional possession of a Schedule IV CDS is unlawful[4] “unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner, or as provided in R.S. 40:978, while acting in the course |aof his professional practice or except as otherwise authorized by this Part.” La. R.S. 40:969C.
With limited exceptions, a Schedule IV drug may not be dispensed or administered without a written prescription. See La. R.S. 40:978B. “ ‘Prescription’ means a written request for a drug ... issued by a licensed physician [among other listed medical professionals] for a legitimate medical purpose, for the purpose of correcting a physical, mental, or bodily ailment, and acting in good faith in the usual course of his professional practice.” La. R.S. 40:961(33). “Such prescription may not be filled or refilled more than six months after the date thereof or refilled more than five times after the date of the prescription unless renewed by the practitioner.” La. R.S. 40:978B.
The prosecution is under no obligation to “negate” the exemption provided under § 968 C, and “the burden of proof of any such exemption or exception shall be upon the person claiming its benefit.” La. R.S. *674 40:990A. Possession of a valid prescription for a CDS is a defense to the charge of violating the CDS law, and the person who is claiming possession of the prescription has “the obligation to produce sufficient proof of a valid prescription to the appropriate prosecuting office.” La. R.S. 40:990A. “Production of the original prescription bottle with the defendant’s name, the pharmacist’s name, and prescription number shall be sufficient proof of a valid prescription as provided for in this Section.” Id. But, while such production by a defendant would be sufficient proof of a valid prescription, it is not — as we recently held — the exclusive means by which a | ¿defendant may prove possession of a valid prescription. See State v. Williams, 12-0110, p. 5, 101 So.3d at 536 (“Therefore, pursuant to the rules of statutory construction, La. R.S. 40:991 should not be read to restrict the sources of evidence a defendant may use to establish that he possessed a validly issued prescription.”)
Not only does the defendant bear the burden of proving possession of a valid prescription, but he must “raise this defense before commencement of the trial through a motion to quash.” La. R.S. 40: 991C. See also La.C.Cr.P. art. 532(10) (A motion to quash may be based on the ground that “[t]he individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.”) Importantly, “fe]ll issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury.” La.C.Cr.P. art. 537.
II
We now turn to specifically consider the evidence which Mr. Tran submitted to the trial court in support of his motion to quash.
The defense submitted a Patient History Report from Rite Aid Pharmacy dated May 16, 2012. The patient is identified as Mr. Tran, the defendant, by his full name, address, telephone number, and date of birth.[5] The Report sets out the prescription number, the store from which it was dispensed, and that there were no refills. The carisoprodol was dispensed on August 5, 2009 in a quantity of 120-350 mg tablets. The instructions were “take 1 tablet by mouth four times a day.” |sThe prescriber is identified as Dr. Michael Hunter. The registered pharmacist is identified by his initials only, but he certified that the cari-soprodol was “dispensed to [Mr. Tran] by order of [his] personal physician.” The Report also contains the prescription number.
The Rite Aid Pharmacy Patient History Report discloses virtually all the same information which is sufficient proof of a valid prescription if the original prescription bottle is produced. See La. R.S. 40:991A, ante.
In Williams, supra, the defendant produced at the hearing on his motion to quash a “prescription profile print-out” from Walgreen Pharmacy’s records. There, the prosecution argued that the printout was insufficient to show that the defendant had a valid prescription. But we found that the defendant had sufficiently demonstrated that he possessed a valid prescription for particular drug because the computer-printout documents contained the defendant’s name and prescription number, provided the name of defendant’s prescribing physician, and supported the defendant’s assertion that *675 he had received 140 tablets of the drug over ongoing period of time. See State v. Williams, 12-0110, p. 5, 101 So.3d at 536. As we there commented, the trial judge found nothing irregular or suspicious in the evidence submitted by the defendant at the hearing. Id.
We are not persuaded by the prosecution’s reference to the provision of the Louisiana Administrative Code that prescriptions are, as it characterizes the matter, “only valid” for a period not to exceed six months from the date of issue.[6] We | (¡understand that the prescription written by Dr. Hunter could not be filled or refilled by the dispensing pharmacist more than six months after the physician wrote it unless renewed by him. See La. R.S. 40:978B, ante. But we cannot leap with the prosecution to the unsupportable proposition that such prohibition renders a tablet which was timely dispensed pursuant to the possession of a valid prescription to be unlawfully possessed by the patient if the prescription is more than six months old. Moreover, the prosecution has not furnished to us nor have we found any positive law which requires a patient to destroy validly prescribed medicine in his possession because it is more than six months past the date of the physician’s prescription.
Here, we too find nothing irregular or suspicious in this prescription and are satisfied that the trial judge, especially in the absence of any contravening evidence, did not abuse her discretion in finding that Mr. Tran bore his burden of sufficiently proving that he possessed a valid prescription for carisoprodol and accordingly sustaining the motion to quash.
Ill
Because the prosecution cannot “cure” the defect in the charge, the defendant, Mr. Tran, is entitled to discharge. See La. C.Cr.P. art. 538; cf. State v. Williams, 612 So.2d 216 (La.App. 4th Cir.1992).
|7DECREE
The trial judge’s ruling sustaining the motion to quash with respect to the cariso-prodol count is affirmed. The defendant, Tam Tran, is discharged.
AFFIRMED

. Carisoprodol is a muscle relaxer, commonly known as Soma. The defendant was also charged with a second count for simple possession of marijuana, which count is not before us.

. See La. Admin. Code, Title 46:LIII § 2525 B.

. In reviewing rulings on motions to quash where there are mixed questions of fact as well as law, as here, a trial judge’s ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion. State v. Sorden, 09-1416, p. 3 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, 183; see also State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206 (”[b]e-cause the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion”).

.Carisoprodol possession is punishable by imprisonment with or without hard labor and a fine of not more than five thousand dollars. See La. R.S. 40:969C(2).

. All this data is the same as that found on other documentary materials contained in the record.

. The prosecution references La. Adm.Code, Title 46, Pt. Lili, Sec. 521.