SANDRA CABRINA JENKINS, Judge.
|tThe State appeals the trial court’s granting of defendant, Corey T. Ruth’s, motion to quash. For the reasons discussed below, the trial court’s ruling is affirmed.
BACKGROUND
Corey Ruth was arrested on May 14, 2012, after police officers observed him illegally parked in an apartment’s handicapped zone. When they approached the vehicle, they observed the defendant in the driver’s seat, texting and holding three pills which they immediately recognized as alprazolam, a prescription drug more commonly referred to as Xanax. Although Mr. Ruth advised the officers that he had been prescribed the medication, he was arrested for illegal possession because he was not able to produce the prescription or the prescription-labeled container on the scene. Mr. Ruth was subsequently charged by bill of information with possession of alprazolam, in violation of La. R.S. 40:969(C).
Mr. Ruth filed a motion to quash alleging that the charges should be dismissed because it is not unlawful to possess a schedule IV controlled dangerous substance that has been obtained pursuant to a valid prescription, citing La.C.Cr.P. art. 582(10). He produced two exhibits to the trial court in support of his motion to Lquash. Exhibit A was an IRS statement from Blessed Place Pharmacy dated October 17, 2012, which contained Mr. Ruth’s name and address, the name of the prescribing physician, and the signature of the pharmacist. It also indicated that a prescription for “ALPRAZOLAM TAB 2MG” had been dispensed to the defendant on August 12, 2011. Exhibit B was a notarized affidavit from the pharmacist setting forth her degree and training, and confirming the information argued in support of the defense’s motion, including what was dispensed to Mr. Ruth and when it was dispensed. She was purportedly unable to appear as a witness because she is a sole proprietor and had no other pharmacist available to oversee the pharmacy in her absence.
In response, the State argued that the motion to quash should be denied solely because Mr. Ruth was not able to produce a prescription or prescription bottle at the *1179 time of the arrest. The trial court granted the motion to quash. It is from this ruling that the State seeks our review.
DISCUSSION
The applicable statute, La. R.S. 40:991(A), provides that any person “who claims possession of a valid prescription for any controlled dangerous substance as a defense to a violation of the provisions of the Uniform Controlled Dangerous Substances Law shall have the obligation to produce sufficient proof of a valid prescription to the appropriate prosecuting office.” It further states that the “[production of the original prescription bottle with the defendant’s name, the pharmacist’s name, and prescription number shall be sufficient proof of a valid prescription.” Subsection (C) requires anyone claiming the defense of a valid prescription to raise this defense before trial through a motion to quash. See La. R.S. 40591(C). La.C.Cr.P. art. 532(10) further allows the trial court to grant a | ¡¡motion to quash where “[t]he individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.”
The State argues that the trial court abused its discretion in granting the motion to quash because the IRS statement from the pharmacy could not be considered a valid prescription. It contends that the trial court should have instead required the defendant to produce a copy of a “physician signed prescription as mandated under La.C.Cr.P. art. 532(10),” or in the alternative, a prescription bottle pursuant to La. R.S. 40:991. The State also argues that by the defendant’s own admission, his prescription was for only sixty pills, and no refills were authorized. Thus, relying on “the normal dosage of alprazo-lam ... provided by the National Library of Science,” the State argues that had Mr. Ruth been taking his medication three times, or in the very least, once a day, he should have been out of pills months before his arrest. The State’s arguments are unfounded.
First, the State’s position fails to take into consideration that in the average situation, a patient relinquishes the actual physician-written prescription to the pharmacy and does not maintain it in his possession. Or increasingly, physicians have the capability to send prescriptions directly to the pharmacy, without the patient ever receiving a paper copy of the prescription. Therefore, it makes sense for a defendant seeking proof of his prescription to return to the pharmacy that dispensed it. In addition, while it may be preferential to keep medication in a prescription-labeled bottle, patients, for various reasons, often choose not to do so and this, in and of itself, is not unlawful.
Second, the State’s argument goes against the law of this circuit which has already established that a trial court may consider prescription record printouts generated by a pharmacy when granting an Article 532(10) motion to quash. In\4 State v. Williams, 12-0110, (La.App. 4 Cir. 10/10/2012), 101 So.3d 533, and State v. Tran, 12-1219, (La.App. 4 Cir. 4/24/2013), 115 So.3d 672, we found no abuse of discretion by the trial courts in considering pharmacy-generated prescription records where those records contained the same information that La. R.S. 40:991(A) requires be placed on prescription labels.
In Williams, we explicitly stated that “La. R.S. 40:991 should not be read to restrict the sources of evidence a defendant may use to establish that he possessed a validly issued prescription” and that it “does not limit the nature of evidence that can be used to prove that a defendant had a prescription, but merely recognizes that a prescription bottle is sufficient proof of prescription.” Williams, 12-0110, pp. 5-6, 101 So.3d at 536-37. In *1180 Tran, we found it inconsequential that the defendant’s prescribed dosage of medication would have been consumed years before the defendant’s arrest if taken as prescribed, concluding that there is nothing that “requires a patient to destroy validly prescribed medicine in his possession _” Tran, 12-1219, p. 6, 115 So.3d at 675. Since there was “nothing irregular or suspicious” about the pharmacy-generated prescription record, and “especially in the absence of any contravening evidence,” we determined that the trial court did not abuse its discretion in granting the motion to quash. Id.
In the present case, the State presented no evidence or arguments to counter the validity of the Mr. Ruth’s prescription at the hearing on the motion to quash. Instead, the State’s argument focused solely on the fact that the defendant was not able to produce any proof that he had a valid prescription at the time of his stop. The State argued:
Upon conducting the traffic stop officers acknowledged in their report that Mr. Ruth was given the opportunity to present a prescription or a prescription bottle at the time of the stop. He was not able to do that at that time and therefore the State contends that he did not have a [svalid prescription at that time based on his inability to provide a prescription bottle or prescription at that time. The State would submit.
As is evident from our decisions in Williams and Tran, and from the context of La. R.S. 40:991(A) (which plainly states that a defendant “shall have the obligation to produce sufficient proof of a valid prescription”), a motion to quash cannot be denied on the sole basis that a defendant was unable to produce a prescription for a medication at the time of apprehension. In fact, the law anticipates that a defendant will have the opportunity to produce sufficient evidence at a later date, prior to trial. La. R.S. 40:991(C).
In addition, even if we were to consider the State’s argument that the defendant should have consumed all of his pills prior to his arrest, Tran makes clear that a defendant is under no obligation to have completely consumed and/or to have discarded an allegedly outdated prescription medication. Tran, 12-1219, p. 6, 115 So.3d at 675. We also find that there was nothing to prevent Mr. Ruth from skipping doses or taking the medication on an as-needed basis, and the trial court could have easily reached this conclusion based on the evidence before it. The admissibility of and relevance assigned to the pharmacy-generated evidence was solely within the province of the trial judge and will not be disturbed by this Court absent an abuse of discretion.[1] Finding no abuse of discretion, the trial court’s ruling sustaining the motion to quash is affirmed.
DECREE
|fiFor the reasons stated herein, we find that the trial court did not err in granting the defendant, Corey T. Ruth’s motion to quash. It is therefore ordered that the trial court’s September 27, 2013 ruling granting the motion to quash is hereby affirmed.
AFFIRMED.

. See, e.g., State v. Sanders, 12-0409 (La.App. 4 Cir. 11/14/2012), 104 So.3d 619, 629-30 (a trial court's ruling on relevancy will not be disturbed absent a clear abuse of discretion); State v. Bell, 05-0808, p. 12 (La.App. 4 Cir. 12/6/2006), 947 So.2d 774, 781 (a trial court’s ruling on the admissibility of evidence will not be disturbed absent a clear abuse discretion).