DANIEL L. DYSART, Judge.
liThe State appeals the trial court’s granting of defendant, Garland Rainey’s, motion to quash. For the reasons discussed below, we reverse the trial court’s ruling and remand for further proceedings.
BACKGROUND:
Garland Rainey was charged by bill of information with one count of possession of oxycodone, a violation of La. R.S. 40:967C(2). The defendant filed a motion to quash the bill of information, arguing that he had a valid prescription for the pills found in his possession. As evidence, the defendant introduced a copy of a prescription and his patient’s history report from Wilkinson Family Pharmacy. The trial court granted the motion, dismissing the charge against the defendant. The State has appealed that ruling.
DISCUSSION:
Appellate courts review motions to quash using an abuse of discretion standard. State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673; State v. Williams, 12-0110, p. 2 (La.App. 4 Cir. 10/10/12), 101 So.3d 533, 534.
|2We note that this court has held that the proper standard of review relative to a motion to quash is de novo, and that a motion to quash is analogous to an exception of no cause of action in a civil case. State v. Marcelin, 13 — 0893, p. 4 (La.App. 4 Cir. 12/18/13), 131 So.3d 427, 430; State v. Schmolke, 12-0406, pp. 3-4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 298. Further, it has been explained that a motion to quash is a mechanism for consideration of pretrial pleas, which are pleas that do not go to the merits of the charge, and that a trial court’s consideration of the motion is confined to questions of law, and as a general rule, does not extend to defenses based upon factual findings. Marcelin, 13-0893, pp. 3-4, 131 So.3d at 430 (“... ,[t]he trial judge’s range of permissible actions is limited to those matters which do not go to the merits of the charge.”); Schmolke, 12-0406, p. 4, 108 So.3d at 299 (Any factual determinations by a trial judge at this time regarding the merits of the defense are unauthorized.).
In 2009, La.Code Crim. Proc. art. 532 was amended to add subsection (10), which added to the list of grounds to be raised by a motion to quash. Article 532 provides *372 that “[a] motion to quash may be based on one or more of the following grounds.” Section 10 reads as follows:
The individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.
Clearly, if a defendant possesses a valid prescription for a controlled dangerous substance, and he presents it to a trial court for consideration in connection with a motion to quash, the trial court must make a factual finding as to the validity of the evidence, which necessarily reaches the merits of the defense.
The 2009 legislation amending La. Code Crim. Proc. art. 532 also added La. R.S. 40:991, which sets forth that “[production of the original prescription bottle |swith the defendant’s name, the pharmacist’s name, and prescription number shall be sufficient proof of a valid prescription as provided for in this Section.”
Since the amendment to La.Code Crim. Proc. art. 532 and the creation of La. R.S. 40:991, several cases have come before this Court for consideration of a trial court’s granting of motions to quash on the ground that the defendant possessed a valid prescription for the controlled dangerous substance he was charged with possessing. •
In Williams, supra, the defendant was charged with possession of a legend drug. At the hearing on the motion to quash, the defendant presented a computer print-out from his pharmacy indicating that the defendant had a prescription filled for that particular drug. He did not present a prescription or the prescription bottle. The trial court granted the motion to quash finding that the printout was sufficient evidence. The State appealed, arguing that the computer print-out was hearsay. This Court found that the State had waived its hearsay objection by not raising it in the trial court.
The Williams court also found La. R.S. 40:991 “does not limit the nature of evidence that can be used to prove that a defendant had a prescription, but merely recognizes that a prescription bottle is sufficient proof of prescription.” Id. at p. 5, 101 So.3d at 536. Applying rules of statu- ' tory construction, i.e., criminal statutes are subject to strict construction under the rule of lenity and are given a narrow interpretation in favor of the accused, this Court held that the trial court did not err in finding the computer print-out sufficient proof that the defendant had a valid prescription. Id., citing State v. Brown, 03-2788, p. 5 (La.7/6/04), 879 So.2d 1276,1280.
Lin State v. Tran, supra, the defendant was charged with simple possession of car-isoprodol, a controlled dangerous substance. He brought a motion to quash pursuant to La. Code Crim. Proc. art. 532(10), and submitted a patient history report from his pharmacy indicating that a prescription for this particular substance had been written more than two years prior to his arrest. The State argued that because prescriptions are only valid for six months, the evidence offered was not valid for purposes of a motion to quash. This Court found that the trial court did not err in finding the printout sufficient because it evidenced the prescription number, the store from which it was dispensed, the amount dispensed, instructions for taking the drug, the prescribing doctor’s name, the pharmacist’s initials, and a certification signed by the pharmacist that the drug was dispensed to the defendant by order of his personal physician. Id. at pp. 4-5, 115 So.3d at 674..
Turning now to the facts of this case, we must decide if a copy of a prescription and/or a patient history, both of which are signed with no name corre *373 sponding to the signature and no certification of authenticity, is sufficient proof of a valid prescription.
The State argues, as it did on appeal in Williams, that the trial court abused its discretion in granting the defendant’s motion to quash the bill of information as the only evidence the defendant presented at the hearing, that is, a copy of the prescription and a patient history report from Wilkinson Family Pharmacy, was inadmissible hearsay. The State asserts that neither item submitted by the defendant was authenticated, and that no testimony was given to prove the validity of the documents.
|sThe defendant, relying on this Court’s opinion in Williams, argues that the items offered to prove he possessed a valid prescription were sufficient to carry his burden of proof.
We find the facts of Williams to be distinguishable. In this case, unlike in Williams, the State did raise a hearsay objection to the admission of the prescription copy and patient history report at the hearing. The State argued that the documents were not certified, nor were any witnesses called to authenticate the documents.
The State further argues on appeal that the Code of Criminal Procedure provides that “[a]ll issues, whether of law or fact, that arise on a motion to quash shall be tried by the court without a jury.” La. Code Crim. Proc. art. 537. Thus, because a hearing on a motion to quash is a formal judicial examination, the Louisiana Code of Evidence applies. The State points to La. Code Evid. art. 1101, which provides in pertinent part:
A. Proceedings generally; rule of privilege.
(1) Except as otherwise provided by legislation, the provisions of this Code shall be applicable to the determination of questions of fact in all contradictory judicial proceedings and in proceedings to confirm a default judgment....
Thus, as discussed above, rulings on motions to quash based on La.Code Crim. Proc. art. 532(10), which require factual determinations by the trial court, also require application of the rules of evidence.
La.Code Evid. art. 1101B(8) provides: Except as otherwise provided by Article 1101(A)(2) and other legislation, in the following proceedings, the principles underlying this Code shall serve as guides to the admissibility of evidence. The specific exclusionary rules and other provisions, however, shall be applied only to the extent that they tend to promote the purposes of the 1 (¡proceeding ... (8) Hearings on motions and other summary proceedings involving questions of fact not disposi-tive of or central to the disposition of the case on the merits, or to the dismissal of the case, excluding in criminal cases hearings on motions to suppress evidence and hearings to determine mental capacity to proceed.
(emphasis added).
The State argues La.Code Evid. art. 1101B(8) is applicable as a determination that the defendant had a valid prescription for oxycodone at the time of his arrest “goes directly to the disposition of the case on the merits or to-the dismissal of the case.”
This argument has merit. The trial court found that the defendant had a valid prescription for oxycodone at the time of his arrest, granted the defendant’s motion to quash, and dismissed the charges against him.
The State argued at the hearing that the computer printout from the defendant’s pharmacy and the copy of the prescription *374 were not authenticated, as they were not certified and no witnesses were called by the defense.
The defense countered that this Court in Tran had allowed a computer printout into evidence without any authentication, and granted the motion to quash. Counsel also noted that the defendant in Tran, unlike his client, did not have a copy of the original prescription.
In Tran, this Court was not asked to consider whether the computer printout offered as proof of a valid prescription was hearsay. Rather, the State argued that the printout demonstrated that the prescription had been filled over two years prior to the defendant’s arrest; therefore, it was unreasonable for the court to find the pills possessed on the date of arrest were the same pills acquired with the prescription.
17Here, the State argued contemporaneously with the introduction of the evidence that the evidence offered was inadmissible hearsay as it was not authenticated.
La.Code Evid. art. 803 et seq., provides that “[t]he following are not excluded by the hearsay rule, even though the declar-ant is available as a witness.” La.Code Evid. art. 803(6) provides an exception to the hearsay rule, namely, records of regularly conducted business activity. This exception applies to records made of events by a person with knowledge, “if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the ... record, ... all as shown by the testimony of the custodian or other qualified witness.... ” (emphasis added.) Also see, La.Code Evid. art. 901A.
Based on the above, we find that the copy of a prescription and the pharmacy’s computer printout were not properly authenticated, and should have been ruled inadmissible hearsay.
Accordingly, we reverse the ruling of the trial court granting the defendant’s motion to quash, and remand for further proceedings.
REVERSED AND REMANDED.