JAMES F. McKAY III, Chief Judge.
liThe State of Louisiana seeks appellate review of the October 10, 2014 judgment, granting the defendant’s motion to quash the bill of information. For the reasons set forth below, we reverse and remand.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
This is a contractor fraud case in which the defendant, Gentry Major (“Mr. Major”), was charged with theft in the amount of $500.00 or more, in violation of La. R.S. 14:67(A). The bill of information, dated September 30, 2010, states that the alleged crime, involving the victim, Cheryl Wright (“Ms. Wright”), occurred between August 1, 2006, and December 31, 2006.
A bench trial commenced on December 13, 2011, at which time, defense counsel orally moved to quash the bill of information on the ground that the State failed to timely institute prosecution within four years of the offense as required by La. C.Cr.P. art. 572.[1] The State responded that the bill of information listed the |2date of the offense as a period of time — between August 1, 2006, and December 31, 2006. Thus, the State argued that the filing of the bill of information on September 30, 2010, was timely because the State had four years from December 31, 2006, to institute charges. The trial court granted Mr. Major’s oral motion to quash, and the State appealed. This Court reversed and remanded, finding that the trial court erred in granting defendant’s oral motion because a motion to quash a bill of information must be in writing as required by La.C.Cr.P. art. 536. State v. Major, 2012-0407 (La.App. 4 Cir. 1/16/13), 108 So.3d 288.
On remand, Mr. Major filed a written motion to quash the bill of information. The motion was granted, and the State appealed, arguing that the trial court abused its discretion in granting the motion to quash without giving the State a full opportunity to respond. The State further reiterated its argument that the bill of information was timely filed. On appeal, this Court reversed, finding that the trial court abused its discretion by granting the motion to quash without affording the State with an adequate eviden-tiary hearing to determine when Ms. *77 Wright knew or should have known when the alleged theft occurred. We remanded for an evidentiary hearing to determine the following:
(1) when the first installment of $9,000.00 was paid by Ms. Wright to' Mr. Major; (2) when and what work was performed by Mr. Major on Ms. Wright’s property before or after issuance of the first installment check; (3) after Ms. Wright paid Mr. Major the first installment, (a) when, how often, and about what Mr. Major and Ms. Wright communicated and (b) when and how often Ms. Wright unsuccessfully attempted to contact or speak with Mr. Major about the work; (4) thereafter to ascertain whether she knew or should have known prior to 1 October 2006 that Mr. Major had committed the crime of theft; and (5) otherwise proceed and receive evidence in accordance with such matters as expressed in this opinion.
State v. Major, 2013-1139, p. 13 (La.App. 4 Cir. 4/9/14), 140 So.3d 174, 182.
An evidentiary hearing was held on September 18, 2014. Ms. Wright testified that in August 2006, she entered into a contract with Mr. Major’s company, Major Construction, to perform repairs on her home after Hurricane Katrina. Ms. Wright issued Mr. Major a check in the amount of $9,000 on August 14, 2006, and work began sometime thereafter. Ms. Wright stated that Mr. Major performed limited work on her home, and by the end of the year, all work had stopped. Ms. Wright further stated that she was in contact with Mr. Major via telephone until March 2007, when she concluded that Mr. Major had no intention of returning to complete the work on her home. Ms. Wright subsequently hired another contractor to complete the repairs.
Following the evidentiary hearing, the trial court granted the motion to quash the bill of information on October 10, 2014. The State’s timely appeal followed.
LAW AND ANALYSIS
A motion to quash is the proper vehicle to assert that the time limitation for the institution of prosecution has expired. La. C.Cr.P. art. 532(7). Upon expiration of this time limitation, the court shall, on motion of the defendant, dismiss the indictment and there shall be no further prosecution against the defendant for that criminal conduct. La.C.Cr.P. art. 581. “When defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit |4such that prescription will not have tolled.” State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286 (citations omitted).
In reviewing rulings on motions to quash where there are mixed questions of fact and law, as here, “a trial judge’s ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion.” State v. Dixon, 2013-0396, p. 6 (La.App. 4 Cir. 7/2/14), 146 So.3d 662, 666 (citing State v. Sorden, 2009-1416, p. 3 (La.,App. 4 Cir. 8/4/10), 45 So.3d 181, 183; State v. Tran, 2012-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3). “Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.” State v. Love, 2000-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206.
Here, the State asserts that the trial court abused its discretion in granting Mr. Major’s motion to quash the bill of information where the prosecution was timely *78 instituted. The State maintains that Mr. .Major and Ms. Wright had a fiduciary relationship such that the exception contained within La.C.Cr.P. art. 578(1)[2] applies and the time limitations by which prosecution was to be initiated |5began to run upon the cessation of the relationship. The State submits that the fiduciary relationship ended in March 2007, when Ms. Wright realized that Mr. Major was not going to complete the work. Thus, the State asserts that it had four years from March 2007 to institute prosecution in this case, or until March 2011.
The State further contends that assuming, arguendo, no fiduciary relationship existed, Ms. Wright’s testimony demonstrates that she did not become aware that a theft had occurred until March 2007. Thus, the State maintains that prosecution was timely instituted. Mr. Major counters, arguing that if a theft did occur, it occurred in August 2006, when the underlying contract was breached.
We find no merit in the State’s argument that a fiduciary relationship existed between Mr. Major and Ms. Wright. In State v. Brumfield, 2011-1599 (La.App. 4 Cir. 11/29/12), 104 So.3d 701, also a contractor fraud case, the same argument advanced by Mr. Major was specifically rejected by this Court. There, the State asserted that the exception set forth in La.C.Cr.P. art. 573(1) governed the case because a fiduciary relationship existed between the defendant contractor and the complainants. We reasoned that the exception did not apply to the facts of the case, stating:
Brumfield is a contractor who entered into an agreement with the complainants to repair the premises after Hurricane Katrina, but did not complete the work. First, this relationship between the defendant and the complainants is not a fiduciary relationship, which terminated when Brumfield no longer worked for [the complainants] as a contractor. We understand, in context, that a. fiduciary relationship exists when a person, an individual, exercises any discretionary authority or discretionary control with respect to the management of funds or assets. See, e.g., La. R.S. 11:264. Further, under article 573, the date that the statutory period starts to run is not the date that the money is tendered, but rather the date that a fiduciary relationship | (¡terminated. See State v. Comadore, 07-0976, pp. 4-5 (La.App. 4 Cir. 5/14/08), 984 So.2d 203, 205-06 (where the time limitation ran from the date that the defendant employee no longer worked for Greyhound, the company she allegedly defrauded by creating bogus tickets); Turner v. Department of Transp. and Development, 01-2426 (La.App. 1 Cir. 6/21/02), 822 So.2d 786 (where the time limitation for the theft statute began to run when the defendant employee, who made personal calls on her work phone, was terminated).- See also State v. Aucoin, 457 So.2d 885, 886 (La.App. 3rd Cir.1984) (where the state did not prove that the defendant, who was a maintenance clerk in a school district charged with theft, used his position to requisition light fixtures for his own use or that the exception in La. C.Cr.P. art. 573(1) applied in that case *79 where the bill of information was filed seven years later). The relationships in these three cases are distinguishable from the relationship in the case before us.
Brumfield, pp. 13-14, 104 So.3d at 709-710 (footnote omitted).
Based on the facts presented in the case sub judice, and for reasons similarly expressed in Brumfield, we conclude that a fiduciary relationship did not exist between Mr. Major and Ms. Wright. Thus, the exception set forth in La.C.Cr.P. art. 573(1) is not applicable here.
Nevertheless, we find that the State carried its burden of proof in presenting evidence to rebut Mr. Major’s allegations of untimely prosecution. At the September 18, 2014 evidentiary hearing on the motion to quash, Ms. Wright testified as to the time period in which she believed she became a victim of theft at the hands of Mr. Major. Specifically, she stated that Mr. Major performed some work on her home after August 2006, but that all work had stopped by the end of that year. Ms. Wright had telephone conversations with Mr. Major throughout this time period and came to the realization in March 2007, that he had no intention of finishing the work that she paid him to complete. Thus, Ms. Wright became aware of the theft in March 2007, and the bill of information was timely filed within four years.
17Wherefore, leased on the reasons set forth above, the trial court erred in granting Mr. Major’s motion to quash the bill of information. Accordingly, the judgment is reversed and this matter is remanded for further proceedings.
REVERSED AND REMANDED

. La.C.Cr.P. art. 572(A)(2) imposes a limitation of four years from the date an offense has been committed to initiate prosecution of a felony offense not necessarily punishable by imprisonment at hard labor.

. La.C.Cr.P. art. 573 provides, in pertinent part:
The time limitations established by Article 572 shall not commence to run as to the following offenses until the relationship or status involved has ceased to exist when:
(1) The offense charged is based on the misappropriation of any money or thing of value by one who, by virtue of his office, employment, or fiduciary relationship, has been entrusted therewith or has control thereof.